## H. H. Hupfer, Administrator, Defendant in Error, v. John Barton Payne, Agent, Plaintiff in Error.

1. MASTER AND SERVANT—*when instruction in action under Federal Employers' Liability Act which ignores defense of assumed risk is erroneous.* In an action under the Federal Employers' Liability Act for the death of a railroad employee, where one of the issues under the pleadings was that of assumed risk, an instruction which ignored that defense and practically told the jury that plaintiff was entitled to recover if they found defendant guilty of the negligence charged, was erroneous.

2. MASTER AND SERVANT—*when instruction in action under Federal Employers' Liability Act which ignores statutory provision as to comparative negligence is erroneous.* In an action under the Federal Employers' Liability Act for negligently causing the death of a railroad employee, where there was evidence tending to show contributory negligence, an instruction on damages which ignored the provision of the statute as to comparative negligence in the determination of damages, was erroneous.

Error to the Circuit Court of Vermilion county; the Hon. JOHN H. MARSHALL, Judge, presiding. Heard in this court at the October term, 1921. Reversed and remanded. Opinion filed October 25, 1921.

H. M. Steely and H. M. Steely, Jr., for plaintiff in error.

Graham & Dysert, for defendant in error; Thomas A. Graham, of counsel.

Mr. Justice Heard delivered the opinion of the court.

This is an action on the case commenced by defendant in error against the director general of railroads to recover damages under the Federal Employers' Liability Act for the death of Berthal J. Hupfer, a brakeman on the Chicago & Eastern Illinois Railroad. Each count of the declaration, which consists of three counts, avers that deceased, together with the crew with which he was working, and plaintiff in error, at the time of the accident, which resulted in the death of deceased, were engaged in moving interstate traffic on said railroad.

The first two counts of the declaration were based upon alleged negligence of the engineer in operating the engine in a backward motion at a high and dangerous rate of speed, while the third count was based on alleged negligence of the engineer in carelessly and negligently failing to obey a slow-down signal to him by deceased, and each count alleged that by reason of such negligence, while the deceased was attempting to alight from the caboose, he was thrown from the train and killed.

To this declaration three pleas were filed, of which the first was the general issue, the second averred contributory negligence on the part of deceased as the cause of the accident and resultant death of deceased, while the third set up that deceased had knowledge of the circumstances and surroundings, the speed at which the engine and caboose were going, and the failure of the engineer to slacken speed, and averred that deceased, in attempting to alight under the cir-

cumstances, assumed the risk, perils and dangers of so doing, and that by reason of such assumed risks, perils and dangers, deceased was killed. Replications were filed and issue joined.

A trial in the circuit court resulted in a verdict and judgment in favor of defendant in error against plaintiff in error for $4,000 damages and costs.

Upon the trial the court gave to the jury the following instruction: "6. You are instructed, that if you find a verdict for the plaintiff, and find, from the preponderance of the evidence, that the defendant is guilty of the wrongful act, neglect or default, as charged in plaintiff's declaration, and that the same resulted in the death of deceased, Berthal J. Hupfer, then the plaintiff is entitled to recover in this action, for the benefit of the parents of such deceased, such damages as the jury may deem, from the evidence and proofs, a fair and just compensation, with reference to the pecuniary injuries resulting from such death, to such parents."

One of the issues submitted to the jury under the pleadings in this case was whether or not under the particular facts of this case deceased assumed the risk and danger incident to alighting from the train in the manner which he did. This defense of assumed risk is set up by special plea and is not negatived in the declaration. The instruction in question ignored this defense and practically told the jury that the plaintiff was entitled to recover if they found from a preponderance of the evidence that the defendant was guilty of the wrongful act, neglect or default as charged in plaintiff's declaration, and that the same resulted in the death of deceased.

This instruction is also erroneous in not correctly stating the measure of damages. The Act of Congress under which this suit is brought contained this provision: "That in all actions hereafter brought against any such common carrier by railroad, under and by

Hupfer v. Payne, 223 Ill. App. 386.

virtue of any of the provisions of this act to recover damages for personal injuries to an employee or when such injuries have resulted in his death, the fact that the employee may have been guilty of contributory negligence shall not bar a recovery but the damages shall be diminished by the jury in proportion to the amount of negligence attributable to such employee.''

There was evidence on the trial tending to show that deceased was guilty of contributory negligence. This instruction ignored this provision of the law and, in effect, withdrew the evidence bearing on the question of contributory negligence from the consideration of the jury on the question of damages. If the jury found that deceased was guilty of contributory negligence, then instead of allowing to the plaintiff ''such damages as the jury may deem, from the evidence and proofs, a fair and just compensation, with reference to the pecuniary injuries resulting from such death, to such parents,'' as the jury were directed by this instruction, it was the duty of the jury to diminish such damages in proportion to the amount of negligence attributable to deceased and render a verdict for such diminished damages and not for the full damages as directed by the instruction.

We are aware that the giving of this instruction has been several times approved by courts of appeal in this State, but in those cases the state of the pleadings and the evidence differed entirely from the present case.

Other questions are raised which we do not deem it necessary to consider. For the giving of the instruction in question the cause is reversed and remanded.

*Reversed and remanded.*