## American Art Works, Appellee, v. Chicago Picture Frame Works, Appellant.

### Gen. No. 18,418.

CORPORATIONS, § 736*—*when foreign corporation is not doing business in this State so as to deprive it of the right to sue.* A foreign corporation which is engaged in manufacturing advertising specialties, with its factory and principal office in another State, owns no property in this State, maintains an office in Chicago for the exclusive use of its salesmen whose only business is the solicitation of orders by agents, but the salesmen are required to pay the expenses of the office out of their commissions, *held* to be engaged in interstate commerce business and not to come within the purview of Hurd's R. S. 1909, p. 573, J. & A. ¶ 2531, prohibiting foreign corporations from maintaining a suit within this State where it does business in this State without a license.

Appeal from the Municipal Court of Chicago; the Hon. HARRY L. PERSONS, Judge, presiding. Heard in this court at the March term, 1912. Affirmed. Opinion filed January 12, 1914. Rehearing denied January 26, 1914. *Certiorari* granted by Supreme Court.

A. D. GASH, for appellant.

BAKER & HOLDER, for appellee.

MR. JUSTICE McSURELY delivered the opinion of the court.

This is an appeal from a judgment obtained by the American Art Works, a corporation, in a suit on written contracts for the sale of merchandise.

The defendant, Chicago Picture Frame Works, a corporation, claims that the plaintiff cannot recover, on the ground that it is a foreign corporation doing business within the State of Illinois without a license as is required by statute. No other point is presented on this appeal.

It is not controverted that plaintiff was a foreign corporation at the time of the transaction involved.

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

It was organized under the laws of New Jersey, and had its principal office at Coshocton, Ohio. The ultimate question for decision is whether, under the facts in evidence, plaintiff is prohibited from maintaining this suit by reason of the provisions of the statute of Illinois, entitled "An Act to Regulate the Admission of Foreign Corporations for Profit, to do Business in the State of Illinois," approved May 18, 1905, in force July 1, 1905, Hurd's R. S. 1909, p. 573 (J. & A. ¶ 2531). The answer to this question depends on whether or not plaintiff was doing business in Illinois, and the material facts on this point are as follows:

Plaintiff's principal office and factory are at Coshocton, Ohio, where it manufactures advertising specialties. It owns no property in Illinois. It has an office for the exclusive use of its salesmen in Chicago, but the only business it has ever done in Illinois is the solicitation of orders by agents, which orders are forwarded to the office at Coshocton for acceptance or rejection. All goods are manufactured at Coshocton and are delivered f. o. b. cars at that place. No shipments have ever been made to any point in Illinois for delivery. Collections of accounts are made from the Coshocton office, and all payments are made there. The salesmen have been employed under contracts that they shall solicit orders on commission, and that all expenses, including the office rent in Chicago, telephone charges, etc., are to be paid out of these commissions, and if paid by the company are charged up against the commissions earned by the salesmen. The two contracts upon which this suit was brought were solicited by a Chicago salesman and transmitted by him to Coshocton and approved and accepted there, and a written acknowledgment of the acceptance sent to the defendant. All of the goods sold by plaintiff are made up to order, and no goods are kept in the Chicago office.

From a consideration of these facts we have concluded that plaintiff was not doing business within the

purview of the statute above referred to, and hence the statute has no application. The foregoing facts bring the case within the reasoning and conclusion of the Supreme Court in *Lehigh Portland Cement Co. v. McLean,* 245 Ill. 326, in which opinion the rule under consideration is discussed at length, with copious quotations from many other cases. In that case it was held that corporations engaged in interstate commerce are not amenable to the provisions of the act above referred to, and hence by the very language of the act itself are excluded from its operation. It was also held that a corporation transacting essentially the same kind of business as was the plaintiff herein is engaged in interstate commerce.

We do not deem it important that the plaintiff Company was the lessee of an office in Chicago as headquarters for its salesmen, as the expense of its maintenance, including rent, was charged to the salesmen. In this respect the facts are the same as in *International Textbook Co. v. Pigg,* 217 U. S. 91, in which the plaintiff was a Pennsylvania corporation, with a solicitor in Kansas, maintaining an office there at his expense. The court holds that the business of the plaintiff was interstate commerce within the meaning of the Constitution of the United States.

Holding as we do, that the reasoning and conclusion of the Supreme Court in the *Lehigh Portland Cement Co.* case, *supra,* is decisive of the point now under our consideration, we are of the opinion that the trial court committed no error in declining to instruct the jury to find the issues for the defendant.

The judgment will be affirmed.

*Affirmed.*