Richard Young Company, Appellee, v. Meyer-Rudolph Shoe Company, Appellant.

Gen. No. 34,574.

Opinion filed April 15, 1931.

GEORGE N. KOTIN, for appellant; JAMES B. CASHIN, of counsel.

JOHN J. SONSTEBY and JOSEPH J. BERZIN, for appellee.

MR. PRESIDING JUSTICE WILSON delivered the opinion of the court.

The plaintiff, Richard Young Company, a New York corporation, brought its suit against the defendant, Meyer-Rudolph Shoe Company, an Illinois corporation, to recover on its claim for $2,207.94, for goods and merchandise sold to the defendant at various times and upon an account stated. The defendant filed an affidavit to plaintiff's statement of claim, alleging that the plaintiff is a foreign corporation and not authorized to do business in the State of Illinois and that, therefore, it should not be permitted to maintain the suit. A jury was waived and the cause submitted to the court and a finding was entered against the defendant, upon which finding judgment was entered in favor of the plaintiff.

The defendant called as its own witness, one Dahm, a leather salesman employed by the plaintiff. This witness testified that he operated a branch office for the plaintiff at 169 North Franklin Street, Chicago; that the New York office paid the rent; that there were two other salesmen and a stenographer; that the other salesmen traveled around the country, outside of Illinois, and that only the samples of the materials sold by the plaintiff were carried at the office, and that sales were made from these samples; that the goods were shipped and sent from New York after the orders were sent in; that these samples were sometimes sent to customers, but that it was not considered as a sale, and the samples were supposed to be returned. All orders that were taken were sent to New York and billed from there and none of the goods were billed from the Chicago office. All payments on goods were

made to New York and the company maintained no bank account in Chicago. The rent for the premises in the City of Chicago was paid for by the New York office.

Anthony, a witness called on behalf of the plaintiff, testified that he was a salesman for the plaintiff and worked out of the Chicago office; that all orders were submitted to New York and that no one in Chicago had any authority to enter into a contract; no bookkeepers were maintained in the Chicago office and no billing done from that point. Payment for goods was made to New York. Goods were sold on samples which were sent to customers and which were supposed to be returned and if not, were charged against the customer. The bills were rendered from New York on the goods sold and the invoices were made out there and mailed to the defendants.

All the correspondence after the sale appears to have been between the plaintiff in New York and the defendant in Chicago. It is insisted on behalf of the plaintiff that the Foreign Corporations Act of this State, Cahill's St. ch. 32, ¶ 80 *et seq.*, applies to only such foreign corporations as are amenable to that Act, and that corporations engaged in interstate commerce are exempt from its provisions. It is also urged that the plaintiff in this case was engaged in interstate commerce; that the contracts were entered into in New York; that the goods were shipped from there and that payment upon delivery was made to the principal office of the company at that place; that the maintaining of an office for salesmen in Chicago was for the purpose of facilitating business and that these salesmen operated not only in Illinois, but throughout all the States of the middle west; that no records or books were kept in the Chicago office, and that all the business was transacted between the plaintiff and its customers by correspondence direct with the plaintiff at its principal office in New York,

The right of a foreign corporation to transact interstate commerce and to obtain business through agents in this State, where the contracts are finally consummated in the home State of the corporation, is well recognized. *Bamberger-Stern Co. v. Anderson,* 207 Ill. App. 222; *Lehigh Portland Cement Co. v. McLean,* 245 Ill. 326; *Cheney Brothers Co. v. Massachusetts,* 246 U. S. 147.

The right of a foreign corporation to solicit orders for goods which are manufactured and delivered F. O. B. cars at a point outside the State, although an office is maintained in this State for the use of its salesmen, was recognized in the case of *American Art Works v. Chicago Picture Frame Works,* 184 Ill. App. 502, affirmed, 264 Ill. 610.

It was held in the case of *Thomas Mfg. Co. v. Thede,* 186 Ill. App. 248, that recovery could be had by a foreign corporation engaged in interstate commerce, where the goods were shipped by such corporation from a warehouse located in this State, but where the contracts were passed upon, approved and entered into at the office of the foreign corporation at its home in the foreign State.

A case very similiar to and containing many of the facts involved in the present case before us, was passed upon by the United States Supreme Court in the case of *Cheney Brothers Co. v. Massachusetts,* 246 U. S. 147. The court in its opinion says:

"This is a Connecticut corporation whose general business is manufacturing and selling silk fabrics. It maintains in Boston a selling office with one office salesman and four other salesmen who travel through New England. The salesmen solicit and take orders, subject to approval by the home office in Connecticut, and it ships directly to the purchasers. No stock of goods is kept in the Boston office, but only samples used in soliciting and taking orders. Copies and records of orders are retained, but no bookkeeping is done, and

the office makes no collections. The salesmen and the office rent are paid directly from Connecticut and the other expenses of the office are paid from a small deposit kept in Boston for the purpose. No other business is done in the State.

"We do not perceive anything in this that can be regarded as a local business as distinguished from interstate commerce. The maintenance of the Boston office and the display therein of a supply of samples are in furtherance of the company's interstate business and have no other purpose. Like the employment of the salesmen, they are among the means by which that business is carried on and share its immunity from state taxation. *McCall v. California,* 136 U. S. 104; *Norfolk & Western R. R. Co. v. Pennsylvania,* 136 U. S. 114; *Crenshaw v. Arkansas,* 227 U. S. 389; *Rogers v. Arkansas,* 227 U. S. 401. Nor is the situation changed by inferring, as the State court did, that orders from customers in Connecticut sometimes are taken by salesmen connected with the Boston office and, after transmission to and approval by the home office, are filled by shipments from the company's mill in Connecticut to such customers. In such cases it doubtless is true that the resulting sale is local to Connecticut, but the action of the Boston office in receiving the order and transmitting it to the home office partakes more of the nature of interstate intercourse than of business local to Massachusetts and affords no basis for an excise tax in that State. *International Textbook Co. v. Pigg,* 217 U. S. 91, 106, 107. We think the tax on this company was essentially a tax on doing an interstate business and therefore repugnant to the commerce clause."

There is no presumption raised that the foreign corporation doing business in this State is doing so contrary to the statute, but this is a matter of defense which must be proven and the burden is upon the defendant. *Delta Bag Co. v. Kearns,* 160 Ill. App. 93.

The cause was tried by the court without a jury, and under the circumstances, the finding of the trial court will not be disturbed unless the finding is against the manifest weight of the evidence. Under the facts in this cause we see no reason for disturbing the finding nor the judgment of the municipal court entered upon that finding.

For the reasons stated in this opinion, the judgment of the municipal court is affirmed.

*Judgment affirmed.*

HEBEL and FRIEND, JJ., concur.