Lawrence E. Sprickerhoff, Appellee, v. Baltimore and
Ohio Railroad Company, Appellant.

Opinion filed May 26, 1944.

KRAMER, CAMPBELL, COSTELLO & WIECHERT, of East St. Louis, for appellant; FRANK J. GOEBEL, of Cincinnati, Ohio, of counsel.

Jos. B. McGLYNN, of East St. Louis, for appellee.

MR. JUSTICE STONE delivered the opinion of the court.
This is a suit brought by Lawrence E. Sprickerhoff, plaintiff appellee (hereinafter designated as plaintiff) against the Baltimore and Ohio Railroad Company, defendant appellant (hereinafter designated as defendant), in the circuit court of St. Clair county, to recover damages suffered by plaintiff on account of personal injuries sustained by him on April 12, 1942, while he was employed as a yard conductor in the yards of defendant at North Vernon, Indiana. The cause of action is based upon the Federal Employers' Liability Act.

Plaintiff's complaint consisted of one count. It alleged that defendant corporation operated a system of steam railroads through the states of Maryland, Pennsylvania, Ohio, Indiana, Illinois and other states and that one of the lines ran into the county of St. Clair, Illinois, where it maintained an office and agents upon whom service of process might be had, and that at the time of the accident, both plaintiff and defendant were engaged in interstate commerce, that defendant owned and operated one of its lines of railroad at North

Vernon, Indiana. It further alleged that along the right of way and on the premises of defendant in the yards at North Vernon, and near what was known as the transfer track, there was a telegraph pole that had been permitted upon defendant's premises for a long period of time, which pole, instead of being straight, leaned toward the track, and that for a long period prior to the accident defendant negligently permitted a large pile of debris to accumulate on its right of way and at the foot of said telegraph pole, so that the pile of debris sloped toward and in close proximity to the transfer track, and that the cross ties under the rails of said transfer track and opposite the pole and pile of debris were old, worn, rotten and the ground under the ties and tracks soggy, which made said track unstable and permitted cars moving over it to lurch and sway. The complaint further charged that plaintiff, employed as yard conductor, while upon the side of a large furniture car, in order to operate a brake thereon, came in contact with the leaning telegraph pole due to its closeness to the overhanging furniture car, knocking plaintiff from the side of the car to the foot of the pole, where he fell upon the pile of debris and was thrown toward the rail of the transfer track in such a position that his left arm was run over by the trucks of the draft of cars, seriously injuring him.

Defendant's answer admitted that at the time of the accident both of the parties were engaged in interstate commerce and that plaintiff's action arose under the Federal Employers' Liability Act. It denied generally the allegations with reference to its negligence. Upon a trial before a jury, a verdict was returned finding defendant guilty and assessing plaintiff's damages at $50,000. Motion for new trial was filed by defendant, and upon a remittitur of $20,000 being entered, the court entered judgment in favor of plaintiff in the sum of $30,000, from which judgment defendant prosecutes its appeal to this court.

The record discloses that in the yards of defendant at North Vernon there were two tracks running in an easterly and westerly direction, known as the B. & O. main and the B. & O. siding; that defendant maintained a track leading off in a northwesterly direction from the B. & O. siding, which was known as the transfer track, used by defendant in delivering cars to the Pennsylvania railroad; that immediately south of the transfer track and on the right of way and premises of defendant was a telegraph pole, which instead of being straight, leaned toward the north and close to the transfer track, and that for a long period of time a large pile of debris had been permitted to accumulate on the right of way and at the foot of the telegraph pole, said pile of debris sloping toward and in close proximity to the said transfer track.

On the day of the accident, at about 1:30 in the afternoon, plaintiff, who was 52 years of age, and had been employed by defendant for nearly 30 years, and who at that time was conductor of the first track yard at North Vernon, was engaged in the switching of freight cars onto the transfer track. In the performance of his customary duties, plaintiff, on his way to set the brake on the top of a freight car described as Milwaukee car 271330, started up the ladder on the southeast corner of said car. It appears that it was a large steel car, more than 10 feet wide, and more than 3 inches wider than the next car on this cut of cars.

When plaintiff was near the top of the ladder the pole struck him on the left hip, knocking him between the cars. He fought his way out from between the cars, to keep from being cut to pieces under the wheels and threw himself on the pile of debris. It sloped back toward the tracks and in trying to catch himself, he threw his arm out, and the wheels ran over it and crushed it, necessitating amputation about 3 inches below the shoulder.

One other witness, Paul T. Snow, also a conductor in the employ of defendant, in addition to plaintiff himself testified on behalf of plaintiff. Defendant introduced no testimony.

In assigning as error, the action of the trial court in failing to grant defendant's motion at the close of all of the testimony, to instruct the jury to return a verdict in its favor, defendant contends that there is no evidence as to how close the pole was to the track nor any proof as to the clearance between the car in question and this pole, and contends that the court should have granted the motion. Both plaintiff and the witness Snow testified to the closeness of the pole with reference to the track, but not in terms of feet or inches. The pole in question and the track was on the premises of defendant, and defendant alone was in possession of exact facts covering these measurements, if exact measurements in terms of feet or inches were necessary. Defendant introduced no testimony as to the clearance. Where the evidence to prove a fact is chiefly, if not entirely in control of the adverse party and such evidence is not produced, his failure to produce it tends to strengthen the probative force of the evidence given to establish such alleged fact. And the burden is upon such adverse party to produce that evidence before he can deny the fact. If he fails to produce it, a presumption arises in favor of the existence of the fact, for it will be assumed that he would produce it if it is in his favor. *Belding v. Belding,* 358 Ill. 216, 192 N. E. 917; *Flannery v. Flannery,* 320 Ill. App. 421; *Mitchell v. Louisville & N. R. Co.,* 375 Ill. 545.

It is fundamental in the law, that it is the positive duty of the master to furnish his servant with reasonably safe instrumentalities wherewith and places wherein, to do his work. *Chicago & N. W. R. Co. v. Swett,* 45 Ill. 197; *Bonato v. Peabody Coal Co.,* 248 Ill.

422; *Stephen v. Duffy,* 237 Ill. 549; *Shoukair v. Sargent Co.,* 235 Ill. 509; *Libby, McNeill & Libby v. Banks,* 209 Ill. 109; *Union Bridge Co. v. Teehan,* 190 Ill. 374.

In the case of *Chicago & N. W. R. Co. v. Swett, supra,* at page 204, of the opinion, the Supreme Court said, ''There is no rule better settled than this, that it is the duty of railroad companies to keep their road and works, and all portions of the track in such repair and so watched and tended, as to insure the safety of all who may be lawfully upon them, whether passengers, or servants, or others. They are bound to furnish a safe road, and sufficient and safe machinery and cars.'' And where a railroad company permits an obstruction, of which it has actual or constructive knowledge to remain, on, over or near its tracks, and by reason of such obstruction its servant is injured, the company is liable, whether the obstruction belongs to it, or is under the control of a third person. *Devine v. Delano,* 272 Ill. 166; *Chicago & I. R. Co. v. Russell,* 91 Ill. 298.

In the case of *Harvey v. Texas & P. R. Co.,* 166 Fed. 385, the injured employee was riding in the course of his duties in one of defendant's engines. A post, one of the supports of defendant's roundhouse, was so near the tracks that the employee, required by his duties to lean from the cab of the engine, was caught between the post and the engine cab and crushed to death.

In applying the principle discussed above, the court found (page 392) that: ''The record reveals nothing to forbid the inference that the post could have been placed at a greater distance from the track and still have served the same purpose.''

After referring to numerous cases involving such obstructions, including telegraph poles, the court said, page 393: ''It is not only the duty of the master to construct a safe plant or to have safe premises, but it is his duty to keep them safe. A structure too near

the track may be permitted to stand for years without attracting attention until some unfortunate accident occurs. But this does not relieve the railroad company of the charge of negligence in so constructing the road or in permitting it to remain in a condition dangerous to the safety of the servant. *Wood v. L. & N. R. R. Co.,* 88 Fed. 44. If a post is unnecessarily too near the track for safety, it should be moved. The fact that it is a part of a permanent structure may add to the expense of the change, but the question of cost is insignificant when weighed in the balance against peril to human life.''

In the case of *Illinois Terminal R. Co. v. Thompson,* 210 Ill. 226, the facts were very similar to the facts in this case. There also, the question was whether or not the railroad was guilty of negligence in permitting a telegraph pole to be and remain so near the tracks as to injure an employee engaged in the performance of his duties. The evidence showed that the injured employee had previously passed by the pole, but at these times was on top of the cars. He did not know, however, that it was dangerously close. There was also evidence that on the day of the injury it was snowing and the visibility was not good on account of smoke from a nearby factory. For the reason that assumption of risk was then a defense, these facts were important.

On the question of defendant's negligence, the court said, page 231: ''In the case at bar the facts show that the telegraph pole, which caused the injury to the appellee, had stood where it was some four years and there is evidence tending to show that, besides the constructive notice implied from the length of time during which it had stood where it was, the appellant company had had actual notice of its dangerous proximity to the track, and to the cars passing on the track. The facts tend to show that the appellant company was

guilty of negligence in permitting the telegraph or telephone pole to remain dangerously near the track for so long a time.''

In passing upon the proposition as to whether the lower court erred in denying defendant's motion for a directed verdict at the close of all the evidence, plaintiff is entitled to the benefit of all the evidence favorable to him and all favorable inferences reasonably and naturally to be drawn from the evidence, in order to determine only if such evidence and inferences, if true, were sufficient to establish plaintiff's case. *Gunning v. Cooley,* 281 U. S. 90, 74 L. Ed. 720, 50 Sup. Ct. 231; *Tobin v. Pennsylvania R. Co.* (App. D. C.), 100 F. (2d) 435; *Huff v. Illinois Cent. R. Co.,* 362 Ill. 95; *Walldren Express & Van Co. v. Krug,* 291 Ill. 472.

We believe that upon the evidence, and all just inferences to be drawn from it, standing as it is uncontradicted by any evidence on the part of defendant, the jury could without acting unreasonably in the eye of the law, find that all the material averments of the complaint have been proven and that the court did not err in refusing to direct a verdict at the close of all the testimony.

Complaint is made that the court erred in admitting the testimony of Paul T. Snow, to the effect that upon a previous occasion his coat brushed the pole in question, while on the side of a car, in passing on the transfer track. In their brief defendant says that this testimony is of no importance, so we can hardly hold that the admission of this testimony constituted reversible error.

It is alleged by defendant, that the trial court erred in refusing the instruction offered by defendant at the close of all of the evidence, to withdraw from the jury the allegations of negligence contained in subparagraph ''c'' of paragraph 5 of plaintiff's complaint, which charged negligence on the part of defendant in permitting the pile of debris to accumulate near the

track. Plaintiff's testimony that the transfer track was bad, was not denied by defendant. We find it difficult to separate with meticulous precision the material contributing factors to plaintiff's injury—the condition of the track, the telegraph pole, close to the track and leaning in that direction, and the pile of debris, close to and sloping toward the track. It is extremely difficult from the very nature of the accident, to determine where one factor left off and the other began, in the completing of the chain of causal events leading up to the injury complained of. When an injury proceeds from two causes operating together, the party putting in motion one of them is liable as if it were the sole cause. The negligent act of omission must be one of the essential causes, but need not be the sole cause nor the last or nearest cause. *Fisher v. Chicago, R. I. & P. R. Co.*, 290 Ill. 49. We are of the opinion that the court did not err in refusing to withdraw from the jury the allegations of this subparagraph.

It is alleged as error that the trial court erred in giving to the jury each of the instructions given by the court, at the request of the plaintiff, and specific complaint is made of instruction No. 7, which reads as follows: "The court instructs the jury that if you believe from the preponderance or greater weight of the evidence in this case that the defendant negligently and carelessly permitted the pile of debris in question to accumulate, and to remain along and upon or adjacent to said transfer track in such a position that it was in such close proximity to the said transfer track so as to render said transfer track at said point, a hazardous and unsafe place for the employees of the defendant herein, particularly the plaintiff herein, while engaged in their usual duties of work for the defendant, and if you further believe from the preponderance or greater weight of the evidence that the defendant knew, or in the exercise of ordinary care could have known that the existence of said pile of debris, in such

close proximity to the transfer track created a hazardous and unsafe place for the employees of said defendant, particularly the plaintiff herein, and if you further believe from a preponderance or greater weight of the evidence that the defendant permitted said pile of debris to accumulate and remain in such close proximity to the said transfer track, thereby creating a hazardous and unsafe place for the defendant's employees, particularly the plaintiff herein, if from a preponderance or greater weight of the evidence you believe that such hazardous and unsafe place existed, and if you further believe by a preponderance or greater weight of the evidence that the existence of said pile of debris in question was the proximate cause of the plaintiff's injury, if any, then you should find the defendant guilty."

It is claimed that by this instruction, the jury were told that they could base liability upon the existence of the pile of debris alone. What we have said previously in this opinion, with reference to withdrawing from the jury the allegations contained in subparagraph "c" of paragraph 5 of plaintiff's complaint, is applicable here, and we are inclined to the belief that this instruction was not erroneous.

Defendant contends that plaintiff's instruction No. 5, given by the court is faulty in that it does not state the correct rule as to damages in this kind of a case, in omitting all reference to plaintiff's contributory negligence. That instruction is as follows: "You are further instructed that if you believe from a preponderance or greater weight of the evidence and under the instructions of the court in this case that the defendant was guilty of negligent conduct in one or more of the respects or charges made in plaintiff's complaint, and that as a direct and proximate result and in consequence thereof plaintiff sustained injuries, then you should find the defendant guilty." The same objection is interposed as to instruction No. 8, given by the court at the request

of plaintiff, which instruction is as follows: "The court instructs the jury that if you find for the plaintiff you will be required to determine the amount of his damages. In determining the amount of damages the plaintiff is entitled to recover in this case, if any, the jury have a right to and they should take into consideration all the facts and circumstances as proven by the preponderance or greater weight of the evidence before them; the nature and extent of plaintiff's physical injuries resulting from the accident in question, if any, so far as the same are shown by the preponderance or greater weight of the evidence in this case; his suffering in body and mind, if any, resulting from such physical injuries, and such future suffering and loss of health, if any, as the jury may believe, from the preponderance or greater weight of the evidence before them in this case, he has sustained or will sustain by reason of such injuries; his loss of earnings and inability to work, if any, on account of such injuries; and may find for him such sums as in the judgment of the jury, under the preponderance or greater weight of the evidence and instructions of the court in this case, will be a fair compensation for the injuries he had sustained or will sustain, if any so far as such damages and injuries, if any, are claimed and alleged in the complaint and proven by the preponderance or greater weight of the evidence in the trial of this case."

We are of the opinion that it was not error to leave the element of contributory negligence out of these two instructions, for it was not an issue in the case. Contributory negligence under the Federal Act is an affirmative defense and must be pleaded. *Louisville & N. R. Co. v. Mount,* 35 F. (2d) 634; *Central Vermont R. Co. v. White,* 238 U. S. 507; *Sheehan v. Terminal R. Ass'n of St. Louis,* 344 Mo. 586, 127 S. W. (2d) 657. Counsel for defendant in support of their contention that these two instructions are faulty, cite the cases of *Houchens v. St. Louis, S. & P. R. Co.,* 221 Ill. App. 440

and *Hupfer v. Payne*, 223 Ill. App. 386, as being cases where similar instructions were held erroneous. In the *Houchens* case, it cannot be determined from the opinion whether or not the defense of contributory negligence was an issue therein. In the *Hupfer* case, however, it is stated that there were three pleas filed, the second of which averred contributory negligence on the part of the deceased. There the court in holding a similar instruction faulty, said, "There was evidence on the trial tending to show that deceased was guilty of contributory negligence. This instruction ignored this provision of the law, and in effect, withdrew the evidence bearing on the question of contributory negligence from the consideration of the jury on the question of damages. . . . We are aware that the giving of this instruction has been several times approved by courts of appeal in this State, but in those cases the state of the pleadings and the evidence differed entirely from the present case."

In addition thereto, defendant's instruction No. 5 told the jury that if they believed from the evidence plaintiff was guilty of negligence that contributed to his injury, he would not be entitled to recover full damages, but only a diminished sum bearing the same relation to the full damages that the negligence attributable to the defendant bears to both defendant and plaintiff. Inasmuch as instructions are to be considered as a series and not singly; *Bolle v. Chicago & N. W. R. Co.*, 258 Ill. App. 545; *Donovan v. St. Joseph's Home*, 295 Ill. 125; and as this instruction correctly stated the law, with reference to contributory negligence under the Federal Act in this kind of case; sec. 3, Federal Employer's Liability Act, sec. 53, Title 45, USCA defendant's instruction No. 5 would cure any possible fault in the two instructions complained of.

It is assigned as error that the trial court erred in overruling defendant's motion for a new trial. This is

not argued in the brief and will not be considered by this court. *Cox v. Hrasky,* 318 Ill. App. 287.

Defendant contends that the verdict was so high as to show passion and prejudice on the part of the jury, and that the judgment, with the remittitur, is also excessive. Plaintiff was 52 years of age and was earning nearly three thousand dollars a year. He lost his arm and the evidence tends to show that there is not enough of his arm left, to permit the use of an artificial arm. Railroading in the employ of defendant for nearly 30 years, he knows no other business or employment. In *Bryant v. Illinois Cent. R. Co.,* 252 Ill. App. 428 a verdict of $35,000 was held not excessive for injuries to a railroad man, causing amputation of an arm and extreme physical and mental suffering, the plaintiff being 39 years of age and earning $2,400 a year and not familiar with any other occupation. While the judgment in the instant case, is large, we cannot say that it is excessive.

We find no reversible error in this record and the judgment of the circuit court of St. Clair county will be affirmed.

*Affirmed.*