**Paul Manns and Theo Smith, Plaintiffs-Appellees, v. Max E. Stein, et al., Defendants-Appellants.**

**Gen. No. 51,763.**

First District, Third Division.
September 19, 1968.
Rehearing denied November 15, 1968.

Richard D. Cronin, Rago & Kiely, of Chicago (Joseph B. Lederleitner, of counsel), for appellants.

Robert J. Rafferty, of Chicago, for appellees.

MR. JUSTICE SCHWARTZ delivered the opinion of the court.

Plaintiffs brought suit to recover for personal injuries sustained when a porch on which they were standing collapsed. The jury returned a verdict in favor of the

plaintiff Manns for $15,000 and a verdict in favor of plaintiff Smith for $1,500. Judgment was entered thereon and the defendants appeal. They make only two points in their Points and Authorities: (1) that the court erred in refusing an instruction which defined the lessors' responsibility for latent defects on the premises, and (2) that the verdicts were against the manifest weight of the evidence. The facts follow.

On June 30, 1961, the plaintiffs were engaged in moving furniture into the second floor apartment of one Irene Grandberry at 4525 Lake Park Avenue in Chicago. They carried the furniture up the rear stairs of the building and into the apartment in question. They testified that the stairs appeared to be sound and that they did not shake or sway. At about 9:30 p. m., plaintiffs Manns and Smith and two helpers were moving the last piece of furniture, a chifforobe or wardrobe weighing about 150 pounds. When they reached the kitchen door and were preparing to enter, they heard a cracking or popping noise underneath them. The porch collapsed and they were thrown to the ground some twenty feet below. Witnesses testified that the stairways had fallen, the landing was caved in and the porch supports had broken loose.

Edward Dew, who had contracted for purchase of the apartment building, testified that he examined the porch following the accident and found that a supporting beam and two or three bricks had pulled away from the wall. He also examined the beam and found it had begun to deteriorate at the point where it fitted into the wall. Theo Smith, one of the plaintiffs, testified that he examined the fallen stairs after the accident and found that the timbers were rotten and the nails rusted "almost half in two." Smith also testified that the brickwork was crumbling where the porch timbers joined the building wall.

Defendants are the legal owners of the property. None of them were present at the trial. Interrogatories had been propounded to them prior to the trial however and answers thereto were read to the jury. Defendants Max E. Stein, Rosaline Stein, Charles G. Reimann and Lorraine Reimann were asked:

> "Did anyone of the defendants at any time prior to June 30, 1961, make a physical inspection of the rear porch or stairway leading to the second floor apartment . . . ?"

The answer of each was "Unknown." The same interrogatory was propounded to the defendant Irving Ginsburg and his answer was "Yes." He was then asked by a supplemental interrogatory to state, if his answer to that question was in the affirmative, which defendant or defendants made the inspection. To that question his answer was "Unknown."

The first point in defendants' brief is that the court erred in refusing an instruction tendered regarding latent defects. It reads as follows:

> "If a landlord either knows about an existing defect on the premises which is not readily apparent, or knows of facts and circumstances which would indicate that there is such a defect, then he must tell his tenant about it before the tenant moves in or at the time of the letting. However, a landlord need not warn his tenant about a defect which the tenant could have discovered by a reasonable inspection."

Plaintiffs point out that the defendants' post trial motion failed to specifically charge error with respect to the ruling on that instruction and accordingly the error was waived.

The Civil Practice Act provides that post trial motions in jury cases must specify with particularity the

grounds on which the moving party relies for relief. Ill Rev Stats, c 110, § 68.1(2) (1967). The points must be defined in detail and clearly stated and if the motion fails to meet those standards, the error is waived and may not be asserted on appeal. Perez v. Baltimore & O. R. Co., 24 Ill App2d 204, 164 NE2d 209.

■ Defendants set forth eight points in their post trial motion, and the only charge of error with respect to the jury instructions reads as follows:

> "The Court erred in refusing certain instructions of the defendants, especially certain instructions dealing with the status of the plaintiffs."

Defendants' Instruction No. 1 does not pertain to the status of the plaintiffs, and the nature of the defendants' charge of error is therefore not clear. It appears from the motion for new trial that defendants were referring either to a tendered instruction which described plaintiffs as licensees or to another instruction which defined a landlord's obligations toward licensees. The nature of defendants' objection to the instructions was not set forth with the particularity required by section 68.1(2) of the Civil Practice Act and therefore the point has not been preserved for review. Moreover, the evidence adduced at the trial did not provide a basis for instructing the jury with respect to latent defects.

■ The general rule is that a tenant takes leased premises as he finds them and that a landlord is not responsible for defects in premises at the time of letting, but where only a portion of a building is rented and the landlord retains control of other portions such as stairways, passageways or cellarways, or where he rents to several tenants, he has the duty of exercising reasonable care to keep the premises in a reasonably safe condition and if he neglects to do so, he is liable for injury proximately resulting to persons lawfully on the premises. Murphy v. Illinois State Trust Co., 375 Ill 310, 31 NE2d

305; Shoninger Co. v. Mann, 219 Ill 242, 76 NE 354; Ciskoski v. Michalsen, 19 Ill App2d 327, 152 NE2d 479.

 The evidence in the instant case is that bricks were crumbling where the porch timbers fitted into the outside wall of the building. Clearly, the outer shell of the building was not leased to any particular tenant and it was the duty of the landlord to exercise reasonable care in the maintenance thereof. Moreover, the stairs in question provided access to at least four apartments, two on the first floor and two on the second. Entry to the rear of those apartments could be had only by use of common stairs and landings and accordingly the landlord was responsible for their maintenance. Witnesses both for plaintiffs and defendants testified to observing signs of deterioration in the porch and stairway members. Beams were rotten at the point where they joined the wall. There was no evidence that the owners of the building had made an inspection of the property. No basis was established for the giving of the instruction referred to. It is not error to refuse an instruction containing a mere abstract proposition. Carson, Pirie, Scott & Co. v. Chicago Rys. Co., 309 Ill 346, 141 NE2d 172.

 As to the second point, that the verdicts were against the manifest weight of the evidence, the evidence before referred to was sufficient to support the finding of the jury.

The judgment is affirmed.

Judgment affirmed.

DEMPSEY, P. J. and SULLIVAN, J., concur.