JOHN RAABE, d/b/a Blissdale Grain Co., Plaintiff-Appellee, *v.* LOWELL MAUSHAK, Defendant-Appellant.

Second District   No. 76-384

Opinion filed December 7, 1977.

Robert R. Canfield, of Rockford, for appellant.

Franks & Wylde, of Marengo, for appellee.

Mr. JUSTICE WOODWARD delivered the opinion of the court:

Plaintiff, John Raabe, brought suit against defendant, Lowell Maushak, for breach of an oral agreement for the sale and purchase of 30,000 bushels of corn.

From the evidence at trial, it appears that sometime in September of 1972, plaintiff and defendant entered into an oral agreement providing that plaintiff was to purchase corn from defendant at a price of $1.18 per bushel. Plaintiff was to pick up the corn upon notification by the defendant that it was ready. Plaintiff thereafter sold the corn he was to receive from the defendant to the Pillsbury Company.

In early November, the defendant stopped by plaintiff's farm and asked if he could deliver a load of corn which had been picked; plaintiff agreed. Then, in response to a call from the defendant, plaintiff sent trucks to defendant's farm and hauled away four or five more loads of corn. Approximately 9,645 bushels of corn were received by plaintiff under the agreement. On December 21, 1972, plaintiff telephoned defendant and inquired about picking up the corn remaining due on the contract. At that time defendant informed plaintiff that he had sold the corn elsewhere.

Defendant testified that two days after plaintiff had hauled away the corn loads, he had telephoned plaintiff, who told him that his trucks had broken down and he had to have them repaired before he could pick up any more corn. Defendant testified further that he continued to telephone plaintiff for several nights and was told each time that the trucks were still broken down. Finally, in one conversation, plaintiff offered to call

defendant when his trucks were ready to haul. Defendant stated that he did not hear further from plaintiff, and, as he had no room to store the corn, he sold the remaining corn to the Garden Grain Company and the Delong Company in Wisconsin.

Plaintiff testified that his trucks had not broken down during November or December in 1972, and that he always had rental trucks as well as his own trucks available. He stated he had not received any telephone calls from defendant stating that the corn was ready to be hauled. The next conversation he had with defendant after he had hauled the four or five loads, was on December 1, 1972, when he called defendant to ask about picking up more corn. The defendant informed him that he was busy picking corn and not to bother him. Plaintiff testified that he next spoke with defendant when he telephoned him on December 21, 1972. Plaintiff also said that he purchased corn from other farmers in order to fill his Pillsbury contract; that the market price following December 21, 1972, was between $1.48 and $1.50. The jury returned a verdict for the plaintiff in the amount of $5,000 and judgment was entered thereon. The defendant appeals.

■■ Defendant contends first that there was no meeting of the minds due to the ambiguity of the delivery terms, and therefore, no enforceable contract ever existed. We note that until this appeal, the defendant never questioned the existence of a contract; at trial he admitted the existence of the contract in the terms stated above. A party cannot try a case on one theory and then on appeal shift to another and different theory or assume a position or attitude inconsistent with that assumed in the trial court. (*Kravis v. Smith Marine, Inc.* (1975), 60 Ill. 2d 141, 324 N.E.2d 417.) We find therefore that defendant is precluded from raising a question as to the enforceability of the contract on that ground.

Defendant contends next that the plaintiff's failure to perform his part of the contract bars his recovery. Here, the jury as the trier of fact, was presented with two substantially different versions on the events following the formation of the contract. The conflicting testimony presented a question of fact which the jury has resolved. For a court to overturn a jury verdict in an appellate review, the applicable standard is whether the verdict is against the manifest weight of the evidence. (*Harris v. City of Granite City* (1977), 52 Ill. App. 3d 782, 365 N.E.2d 1034.) It is a well-established rule that, where the evidence is conflicting, in order for a verdict to be contrary to the manifest weight of the evidence, an opposite conclusion must be clearly evident. (*Stone v. Guthrie* (1957), 14 Ill. App. 2d 137, 144 N.E.2d 165.) As the defendant's contention is not clearly evident from the record, the jury's verdict must stand.

We agree with plaintiff that defendant's third point on this appeal is waived. Defendant states that the trial court erred in striking a part of

defendant's counterclaim arising out of the same transaction, without hearing evidence. However, defendant failed to include this alleged error in his post-trial motion. Errors relied upon for a new trial must be included in the post-trial motion. (Ill. Rev. Stat. 1975, ch. 110, par. 68.1(2).) If they are not, they are deemed to have been waived. *Handler v. Eckhouse* (1964), 45 Ill. App. 2d 382, 383, 195 N.E.2d 838, 839; *Manns v. Stein* (1968), 99 Ill. App. 2d 398, 241 N.E.2d 691.

■■■ Defendant contends next that the trial court erred in failing to grant his motion for a change of venue. It is well settled that a petition for a change of venue comes too late after the judge has ruled on a substantive issue in the cause. (*Swanson v. Randall* (1964), 30 Ill. 2d 194, 198, 195 N.E.2d 656, 659.) As defendant's motion was filed the day after the judge had denied defendant's motion to dismiss plaintiff's complaint, the trial court did not err in denying his motion for change of venue. See *Swanson v. Randall; Little v. Newell* (1973), 14 Ill. App. 3d 564, 302 N.E.2d 739.

The next issue raised by the defendant is the sufficiency of the evidence establishing the amount of damages. The record contains testimony from both parties that the contract price agreed upon was $1.18 per bushel. The plaintiff, who is a farmer and engaged in the business of selling grain, testified that on December 1, 1972, the market price of corn was at $1.35 per bushel; that it was the same price on December 10, 1972. Plaintiff further testified that after his conversation with defendant on December 21, 1972, he purchased corn from other farmers at which time the market price for corn was between $1.48 and $1.50 per bushel. Plaintiff also testified as to the quantity of corn he had received from the defendant and the approximate number of bushels of corn that defendant had failed to deliver. Sandra Raabe, plaintiff's wife, who did the bookkeeping for her husband, testified that she was acquainted through his ledgers with the prices her husband had to pay for corn subsequent to December 21, 1972, and that the prices ranged between $1.48 and $1.50 per bushel. Plaintiff's attorney asked the witness to state or to show in the ledgers how many bushels were purchased at which price. The witness was unable to do so. The defendant's attorney objected and asked that this testimony be stricken.

■■ The trial court refused to strike this statement and ruled that the attorneys could deal with this evidence in final argument and the jury could take the lesser or greater amount. Clearly, there was sufficient evidence in the record upon which the jury could assess the amount of damages sustained by the plaintiff.

Finally, defendant urges that the giving of plaintiff's Instruction No. 12 concerning the measure of damages was prejudicial error. At the

conference on instructions, defendant's attorney objected to the instruction, stating:

> "Objection to number 12 because it does not state the measure of damages correctly. As a matter of fact, that the measure of damage is the difference between the fair and reasonable market value at the time that the corn was to be acquired and is not what this man may have paid or what he may have done. That does not state the rule as to the measure of damages and a breach of contract of this nature."

After further discussion the trial court asked the defendant's attorney to restate his objection; defendant's attorney stated that:

> "My objection is that the measure of damages should be the difference between the fair and reasonable market value of corn at the time that this corn was available under the contract and the price that it was sold for."

■■ Now, on appeal defendant challenges the giving of plaintiff's Instruction No. 12 on the basis that the instruction failed to require the plaintiff to show that his purchase of substituted corn was made, "* * * in good faith and without unreasonable delay * * *." (Ill. Rev. Stat. 1975, ch. 26, par. 2—712(1).) It is well settled that a ground urged against a particular instruction may not be raised for the first time on review. (*Saunders v. Schultz* (1960), 20 Ill. 2d 301, 170 N.E.2d 163.) The defendant here did not base an objection at the instruction conference on the ground now presented and, as such, the alleged error by the trial court is not preserved for review by this court. *Saunders v. Schultz: Johnston v. Basic* (1973), 16 Ill. App. 3d 453, 306 N.E.2d 610; *O'Neill v. Montalbano* (1972), 3 Ill. App. 3d 414, 279 N.E.2d 467.

For the foregoing reasons, the judgment of the circuit court of McHenry County is affirmed.

Affirmed.

GUILD and SEIDENFELD, JJ., concur.