STEVEN LYNN POWERS, Plaintiff-Appellee, *v.* ILLINOIS CENTRAL GULF RAILROAD COMPANY, Defendant-Appellant.

Fifth District    No. 79-505

Opinion filed February 2, 1981.

KASSERMAN, P. J., dissenting.

Gundlach, Lee, Eggmann, Boyle & Roessler, of Belleville (Richard E. Boyle, of counsel), for appellant.

Rex Carr and David J. Letvin, both of Cohn, Carr, Korein, Kunin, Schlichter & Brennan, of East St. Louis, for appellee.

Mr. JUSTICE KARNS delivered the opinion of the court:

Plaintiff, Steven Lynn Powers, brought this action in the Circuit Court of St. Clair County under the Federal Employers' Liability Act to

recover damages for injuries to his back sustained as a result of the negligence of the defendant, Illinois Central Gulf Railroad Company. Judgment was entered on a jury verdict for $300,000. Defendant does not contend that it was not negligent, but argues that the jury was erroneously instructed concerning damages, that the itemized verdict form used was improper, and that plaintiff's closing argument concerning damages was inflammatory and prejudicial.

This case presents the difficult problem of whether a personal-injury plaintiff should be allowed to recover damages for the "nature, extent and duration of the injury" (Illinois Pattern Jury Instructions, Civil, No. 30.02 (2d ed. 1971) (hereinafter IPI Civil) as a separate element of damages, *in addition* to the more specific elements of damages enumerated in IPI Civil Nos. 30.03 through 30.09. While this question may have been inherent in the Illinois Pattern Instructions on damages, it has been brought into focus by the enactment of section 65.1 of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 65.1), which requires that verdicts be itemized "* * * to reflect the monetary distribution among economic loss and non-economic loss, if any."

Over defendant's objection, the court gave the following instruction tendered by the plaintiff:

"If you decide for the plaintiff on the question of liability, you must then fix the amount of money which will reasonably and fairly compensate him for any of the following elements of damages proved by the evidence to have resulted, in whole or in part, from the negligence of the defendant:

The nature, extent and duration of the injury.

The disability resulting from the injury.

The pain and suffering experienced and reasonably certain to be experienced in the future as a result of the injuries.

The value of earnings lost and the present cash value of earnings reasonably certain to be lost in the future.

Whether any of these elements of damages has been proved by the evidence is for you to determine."

Except for the use of the phrase "in whole or in part," which will be discussed later, this is the standard instruction concerning measure of damages for personal injury (IPI Civil No. 30.01) completed by the insertion of elements of damages thought to be applicable (IPI Civil Nos. 30.02, 30.04, 30.05, 30.07).

Also over defendant's objection, the jury was provided the following verdict form:

"We, the Jury, find for the plaintiff and against the defendant. We assess the damages as follows:

| | |
|---|---|
| Nature, extent and duration of the injury | $_____ |
| Disability resulting from the injury | $_____ |
| Pain and suffering experienced and reasonably certain to be experienced in the future as a result of the injury | $_____ |
| The value of earnings lost and the present cash value of earnings reasonably certain to be lost in the future. | $_____" |

The court accepted this verdict form after hearing argument from the parties over the meaning of the requirement of section 65.1 of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 65.1) that personal injury verdicts be itemized to reflect monetary distribution among economic and noneconomic loss. A pattern form for itemized verdicts has not been adopted. The jury awarded $50,000 for each of the first three elements of damages and $150,000 for lost earnings.

Defendant contends that the "nature, extent, and duration of the injury" is not a separately compensable element of damages, apart from elements such as disability and pain and suffering. Defendant further argues that the itemization of the elements of damages on the verdict form unfairly invited the jury to return separate awards for duplicitous elements of damages.

These contentions are not without merit, and the double recovery issue is clearly presented on the record before us. The elements of damage listed in the measure of damages instruction were itemized as entirely independent in the verdict form, and the jury awarded a substantial sum for the nature, extent, and duration of the injury, in addition to the like awards for disability and pain and suffering.

IPI Civil No. 30.01 provides that if the jury finds for the plaintiff on the question of liability it must then fix the amount of money which will reasonably and fairly compensate him for "* * * any of the following elements of damage * * *." For personal injury damages, the elements which have a basis in the evidence are to be selected from among IPI Civil No. 30.02 through IPI Civil No. 30.09. IPI Civil No. 30.01 further provides that the jury must determine whether any of these elements has been proved. The elements enumerated for possible insertion in IPI Civil No. 30.01 are the nature, extent and duration of the injury (30.02), aggravation of any pre-existing ailment or condition (30.03), disability and disfigurement (30.04), pain and suffering (30.05), medical expense (30.06), lost earnings or profits (30.07, 30.08), and caretaking expense (30.09).

The "Notes on Use" of IPI Civil No. 30.02 state that it is difficult to imagine an injury case in which the insertion of the phrase "[t]he nature,

extent and duration of the injury" into IPI Civil No. 30.01 will not be appropriate. However, it is also difficult to conceive of a logical basis for placing a separate value on elements such as disability and pain and suffering, and nature, extent and duration of the injury in a case involving a back injury. Rather, it would seem that the jury must consider the nature, extent, and duration of the injury as a means of determining the appropriate amount to award for elements such as disability and pain and suffering. A commentator has noted this problem in our pattern instructions and, consistent with the practice in other jurisdictions, has recommended that the nature, extent, and duration of an injury be treated as the measure of the compensable elements of damage rather than as a compensable element in itself. Graham, *Pattern Jury Instructions: The Prospect of Over or Under Compensation in Damage Awards for Personal Injuries,* 28 DePaul L. J. 33, 53-58 (1978).

The plaintiff refers us to the "Comment" on IPI Civil No. 30.02, which states that "[t]he nature and extent of an injury are recognized as a separate element of compensable damages in Illinois," citing *Donk Brothers Coal & Coke Co. v. Thil* (1907), 228 Ill. 233, 241, 81 N.E. 857, 860; *McDaniels v. Terminal R.R. Association* (1939), 302 Ill. App. 332, 350, 23 N.E.2d 785, 792, and *Sprickerhoff v. Baltimore & Ohio R.R. Co.* (1944), 323 Ill. App. 340, 351, 55 N.E.2d 532, 537-38. These opinions generally approved instructions that the jury consider the nature, extent, and duration of injuries together with factors such as disability and pain and suffering. However, the instructions involved did not actually state that nature, extent, and duration of the injury should be considered as a separate element of damages, as do the IPI instructions, and the decisions do not support a separate recovery on this ground apart from other compensable elements of damage. In *McDaniels v. Terminal R.R. Association* the defendant apparently contended, among other things, that the instruction tended to "pyramid" various elements of damage so as to create passion and prejudice in the minds of the jury. However, it is not entirely clear that this contention was an attempt to raise an issue of double recovery, and the court merely held, in a summary fashion that the instruction did not mislead the jury or erroneously specify any details of damage under the circumstances.

The plaintiff also cites *Raines v. New York Central R.R. Co.* (1972), 51 Ill. 2d 428, 437, 283 N.E.2d 230, 235, where the court referred to the nature, extent and duration of the injury as one of "six categories of damage" included in the jury instructions. This reference, made in the context of a review of the evidence to determine whether the verdict was excessive, does not support a separate recovery for the nature, extent, duration of the injury apart from other elements of damage. However, the

decision is somewhat significant here, because the court would appear to have been referring to the IPI instructions, which it tacitly approved in affirming the plaintiff's judgment.

More recently, *Doering v. Janssen* (1979), 76 Ill. App. 3d 62, 67, 394 N.E.2d 721, 725 affirmed a verdict returned upon an itemized verdict form, as follows:

"* * * We assess the plaintiff's damages in the total sum of $45,733.57 itemized as follows:

| | |
|---|---|
| (a) nature, extent and duration of the injury | $ 750 |
| (b) disability and disfigurement | $1,000 |
| (c) past pain and suffering | $1,000 |
| (d) future pain and suffering | $ 500 |
| (e) past medical expenses | $1,733.57 |
| (f) future medical expense | $ 750 |
| (g) future loss of earnings | $40,000." |

The court focused on the issue of whether the itemization of numerous elements of damage on the verdict form was error, and did not expressly consider whether the amount awarded for the nature, extent, and duration of the injury was redundant. However, while the award of $750 for the nature, extent, and duration of the injury was relatively small, the case stands as authority for a separate recovery on this basis in addition to the other elements of damage.

■■■ With all the foregoing considerations in mind, we do not think it proper for this court to repudiate the well-established practice of instructing the jury that the nature, extent, and duration of the injury is a *separately compensable element of damages.* We also hold that the verdict form used here complied with section 65.1 of the Civil Practice Act, which provides that "[i]n every case where damages for injury to the person are assessed by the jury the verdict shall be itemized so as to reflect the monetary distribution *among* economic loss and non-economic loss, if any." (Emphasis added.)

Defendant contends that the statute requires an itemization *between* economic and noneconomic damages—no more and no less. It tendered the following verdict form:

"We, the Jury, find for the plaintiff and against the defendant and assess the plaintiff's damages in the sum of $_____. These damages consist of the following:

Economic Loss, consisting of lost earnings, if any, and the present cash value of earnings reasonably certain to be lost in the future, if any.     $_____

Non-economic loss, if any, consisting of all other elements of damages.     $_____"

However, the use of the word "among" in the statute suggests an itemization involving more than merely the two elements of economic loss and noneconomic loss, which would have been suggested had the word "between" been used. (Black's Law Dictionary 108 (4th ed. 1968)). Also, the itemization according to elements in the measure of damages instruction would appear to fulfill more completely the legislative purposes of providing the parties with more information concerning the content of the jury's damage award and requiring the jurors to consider carefully the purposes for which damages are awarded. Ill. Ann. Stat., ch. 110, par. 65.1, Supplement to Historical and Practice Notes, at 174 (Smith-Hurd Supp. 1980); *Doering v. Janssen* (1979), 76 Ill. App. 3d 62, 67, 394 N.E.2d 721, 725.

■■ During the instruction conference defendant generally argued that the itemized verdict statute was unclear. However, the defendant did not contend that the statute violates equal protection, as is argued on appeal. Thus, this contention was waived by failure to raise it at the instruction conference. *Raabe v. Maushak* (1977), 55 Ill. App. 3d 169, 371 N.E.2d 96; *Saunders v. Schultz* (1960), 20 Ill. 2d 301, 170 N.E.2d 163.

Defendant next contends that it was prejudiced by instructions that it was liable for injuries caused "in whole or in part" by its negligence. Defendant does not dispute that the standard of causation for an employer's negligence under the FELA is "in whole or in part," but argues that the instructions tendered by the plaintiff and given by the court failed to convey that the same standard applied with respect to plaintiff's contributory negligence. Specifically, defendant refers us to five instructions. Defendant asserts that whenever the plaintiff's injuries are linked to his own negligence, the standard of proximate cause is stated, but that whenever the injuries are linked to defendant's negligence, the "lesser sounding standard" of causation in whole or in part is stated.

Two of the instructions referred to by the defendant were unmodified pattern instructions concerning the FELA rule of liability and the diminution of damages because of contributory negligence, given by the court as follows:

> "At the time of this occurrence there was in force a Federal statute which provided that whenever an employee of a railroad is injured while engaged in the course of his employment, and the injury results in whole or in part [from the negligence of any of the officers, agents, or other employees of the railroad] [or] [by reason of any defect or insufficiency, due to the railroad's negligence, in its (cars, equipment, etc.)], then the railroad shall be liable in damages to the injured employee. Contributory negligence on the part of the injured employee shall not bar a recovery, but the

damages shall be diminished by the jury in proportion to the amount of negligence attributable to such employee." IPI Civil No. 160.02.

"If you find that [plaintiff's injury] [decedent's death] was proximately caused by a combination of [plaintiff's] [decedent's] contributory negligence and negligence on the part of the defendant, then in assessing the damages you should proceed in the following manner: First, determine the amount of the plaintiff's damages without reference to the question of contributory negligence. Second, decide what proportion or percentage of the total combined negligence of both parties causing the [injury] [death] consisted of the [plaintiff's] [decedent's] negligence. Finally, reduce by this proportion or percentage the amount of damages you would have awarded had the [plaintiff's] [decedent's] negligence not contributed to the [injury] [death]." (IPI Civil No. 160.13.)

There is no dispute that these instructions correctly state the law and we believe they were properly given here.

The plaintiff's claims of negligent omissions on the part of the defendant were set forth in the first paragraph of the issues instruction, IPI Civil No. 20.01. The defendant now directs our attention to the second paragraph of this instruction, concerning proximate cause, in which the IPI language was modified by insertion of the phrase "in whole or in part," as follows:

"The plaintiff further claims that one or more of the foregoing was a proximate cause, *in whole or in part*, of his injuries." (Emphasis supplied.)

However, the issues instruction also informed the jury that the defendant asserted the following affirmative defense:

"That the injuries to the plaintiff were contributed to, *in whole or in part* by the negligence of the plaintiff and that any amount of damages due the plaintiff must be reduced in proportion to the amount of negligence attributable to the plaintiff." (Emphasis supplied.)

Thus, contrary to the defendant's contention, the standard of causation "in whole or in part" was stated not only with reference to the plaintiff's claim against the defendant, but also vice versa.

The court also gave versions of the pattern instructions on proximate cause and the measure of damages, modified by insertion of the phrase "in whole or in part", as follows:

"When I use the expression 'proximate cause', I mean [that] [a] [any] cause which, in natural or probable sequence, *in whole or in*

*part*, produced the injury complained of." (Emphasis added.) IPI Civil No. 15.01 (modified).

"If you decide for the plaintiff on the question of liability, you must then fix the amount of money which will reasonably and fairly compensate him for any of the following elements of damage proved by the evidence to have resulted, *in whole or in part*, from the negligence [wrongful conduct] of the defendant: * * *." (Emphasis added.) IPI Civil No. 30.01 (modified).

While the modification of these instructions was unnecessary we fail to see that it caused any prejudice to the defendant. Inclusion of the challenged phrase in IPI Civil No. 15.01, which generally defines proximate cause, did not tend to favor either party. Inclusion of the phrase in IPI Civil No. 30.01, concerning the measure of damages, was consistent with the instructions on the FELA rule of liability (IPI Civil No. 160.02) and diminution of damages (IPI Civil No. 160.13) set out in full above, which the court gave without modification.

Among various contentions concerning plaintiff's closing argument, all of which were related to damages, defendant argues that plaintiff's counsel improperly discussed the effect of inflation contrary to the trial court's order *in limine*. While the substance of the trial court's order on this point is not clear, it appears that the court merely intended to prohibit reference to specific rates of inflation.

■■ During plaintiff's closing argument, the court overruled defendant's objection to argument that $348,000 was a conservative figure for wages lost, and that the actual wage loss might be two, three or four times that based on what has happened in the past to wages. Plaintiff's counsel also argued that a wage of $7 per hour today was $4 six years ago and will be $13 or $14 six years from now and $20 ten years from now. We see no reason to differ from the trial court's apparent conclusion that these references to the inflation of wages were not within the scope of its order prohibiting reference to specific rates of inflation. As in *Crabtree v. St. Louis-San Francisco Ry. Co.* (1980), 89 Ill. App. 3d 35, 411 N.E.2d 19, the statements made by plaintiff's counsel during argument here simply stated what would appear to be obvious to the average juror and were not so inflammatory as to result in an excessive or inflated verdict.

■■ Defendant argues that statements of plaintiff's counsel amounted to an improper *per diem* argument, citing *Caley v. Manicke* (1962), 24 Ill. 2d 390, 182 N.E.2d 206. However, defense counsel did not object at the time these statements were made. It has been held that where no objection is made, and plaintiff's counsel merely "suggests" values to be awarded for pain and suffering per unit of time, there is no reversible error. (*Warp v. Whitmore* (1970), 123 Ill. App. 2d 157, 260 N.E.2d 45; *Fortner v.*

*McDermott* (1971), 1 Ill. App. 3d 358, 272 N.E.2d 503.) Because timely objection was lacking defendant waived the question of whether the argument here created the "illusion of certainty" prohibited by *Caley v. Manicke*.

Defendant also contends that the court allowed plaintiff's counsel to misstate defense counsel's closing remarks. Plaintiff's counsel argued that the plaintiff had already lost $16,000 in wages as a result of the accident and that his future wage loss would be $332,000. Defense counsel did not dispute that $16,000 was a fair award for the loss in past wages, but argued as follows:

> "I think what you have to do is analyze and what you have to come up with is how long in the future he is going to have this decrease in wages. If it is ten years even, you are not talking about four hundred, three hundred thousand. You are talking about maybe seventy to eight thousand dollars."

Defense counsel further argued that part of the plaintiff's wage loss was attributable to his own decision to resign from a job as a security guard given him by the defendant following the accident. Defense counsel then suggested that, considering the $16,000 past wage loss and all other factors, a verdict of $80,000 would be fair.

Defendant's present contention pertains to a portion of the plaintiff's rebuttal argument. Plaintiff's counsel stated that defense counsel had suggested $80,000 for the plaintiff's future lost wages over the next 8 or 10 years. Defense counsel objected that his suggestion of $80,000 included past lost wages. The court sustained the objection. Plaintiff's counsel then stated that defense counsel had said that the total wage loss was $80,000. Defense counsel then stated, "Your Honor, I didn't say that either. I said $80,000 should be the amount of the verdict." The court instructed plaintiff's counsel to continue.

We do not believe the court erred in simply allowing plaintiff's counsel to continue with his argument. While defense counsel during his argument ultimately suggested a total verdict of $80,000, his earlier remarks were subject to the interpretation offered by plaintiff's counsel during rebuttal. Also, defense counsel's objections served to clarify any question as to what his position actually was.

Finally, the defendant contends that the court erred in refusing the instruction tendered by the defendant stating that any award to the plaintiff would not be subject to Federal income tax. Recently, in *Crabtree v. St. Louis-San Francisco Ry. Co.* (1980), 89 Ill. App. 3d 35, 411 N.E.2d 19, we held that a new trial on the issue of damages was required under *Norfolk & Western Ry. Co. v. Liepelt* (1980), 444 U.S. 490, 62 L.

Ed. 2d 689, 100 S. Ct. 755, where the court refused to instruct the jury in an FELA action that any award would not be subject to Federal income tax.

We would be obligated to follow *Crabtree*, where no question of waiver was presented, were it not for the supreme court's decision in *Brown v. Decatur Memorial Hospital* (1980), 83 Ill. 2d 344, 415 N.E.2d 337, which mandates the conclusion that the defendant waived its present contention. *Brown* reviewed a decision of the appellate court without a majority opinion in which the appellate justices had reached differing conclusions about the propriety of jury instructions and whether the post-trial motion was adequate to preserve for review the instructions issue.

In *Brown*, the plaintiff's post-trial motion alleged error based on the trial court's refusal to give certain numbered instructions tendered by the plaintiff and in giving, over plaintiff's objection, certain numbered instructions tendered by the defendant. The supreme court held that these allegations were inadequate for failure to specify the ground upon which they were based. (Ill. Rev. Stat. 1979, ch. 110A, par. 366(b)(2)(iii); Ill. Rev. Stat. 1979, ch. 110, par. 68.1(2)). *Brown* held that all that was necessary to adequately preserve a question for review in a post-trial motion was a simple, succinct statement of the factual or legal basis for the movant's belief that the trial court's action was erroneous. Merely listing the numbers of the challenged instructions did not satisfy this requirement. *Brown* also rejected the contention that specific objections at the instruction conference would eliminate the need for specificity in the post-trial motion.

■■ The reasons for and history of the application of the waiver rule are thoroughly developed in *Brown* and need not be recounted here. The plaintiff here has briefed and argued the contention of waiver by nonspecificity in the defendant's post-trial motion. With respect to the nontaxability instruction, defendant's post-trial motion merely alleged that the court erred in refusing to give "* * * A. Defendant's Instruction No. 4, 'Not In I.P.I.' concerning federal income tax. * * *" Merely identifying the subject matter of the instruction was not sufficient to specifically preserve a ground for relief under the standard set forth in *Brown*. Thus, the defendant waived the contention that the instruction was erroneously refused.

The judgment of the Circuit Court of St. Clair County is affirmed.


Affirmed.


HARRISON, J., concurs.

Mr. PRESIDING JUSTICE KASSERMAN, dissenting:

In my opinion, the judgment of the circuit court of St. Clair County is excessive and should not be affirmed.

The trial court, at the request of plaintiff, gave Illinois Pattern Jury Instructions, Civil, Nos. 30.01, 30.02, 30.04, 30.05, and 30.07 (2d ed. 1971) in conjunction with itemized forms of verdict as required by section 65.1 of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 65.1) IPI Civil No. 30.02 requires that the jury fix the amount of money which will reasonably and fairly compensate plaintiff for the nature, extent and duration of his injury. Additionally, the jury was provided with an itemized form of verdict which contained a specific award for the nature, extent and duration of plaintiff's injury.

Pattern jury instructions are designed to specify the instructions to be employed to advise the jury as to the elements they must consider in determining the measure of the plaintiff's damages. After receiving its instructions, the jury awarded plaintiff $50,000 for the disability resulting from his injury, $50,000 for pain and suffering experienced and reasonably certain to be experienced in the future, and $150,000 for lost earnings. In arriving at these amounts, of necessity the jury would have been required to have considered the nature, extent and duration of plaintiff's injury in making an award for the disability resulting from his injury, for the pain and suffering experienced by plaintiff and reasonably certain to be experienced by him in the future as a result of the injury, and for the value of earnings lost by plaintiff and the present cash value of earnings reasonably certain to be lost by him in the future.

Furthermore, in addition to the foregoing, plaintiff was awarded $50,000 for an element of damages designed to compensate him for the "nature, extent and duration of the injury." It is incomprehensible that the jury could place a monetary value on the nature, extent and duration of plaintiff's injury without relating such an award to the remaining items of compensable loss, disability and disfigurement, pain and suffering, and loss of earnings (IPI Civil Nos. 30.04, 30.05, and 30.07).

Although the "Notes on Use" of IPI Civil No. 30.02 state "[i]t is difficult to imagine a jury case in which this phrase will not be appropriate," it is my conclusion that an instruction and form of verdict containing an element of damage for the nature, extent and duration of the injury provides for excessive recovery for plaintiff's personal injury and that the award for the nature, extent and duration of plaintiff's injury was duplicitous of the other awards the jury returned in plaintiff's behalf.

For the foregoing reasons, I would order a remittitur in the amount of $50,000 pursuant to our authority under Supreme Court Rule 366(a)(5) (Ill. Rev. Stat. 1979, ch. 110A, par. 366(a)(5)).