## S. F. Merrifield et al., Administrators, v. Vesselius Davis.

1. ASSAULT AND BATTERY—*when defense that, was committed in attempt to preserve peace, not available.* In the absence of a plea of *molliter manus imposuit,* proof that the assault and battery in question took place in an effort to preserve the peace, is inadmissible as a substantive ground of defense, but is competent notwithstanding the absence of such plea in diminution of damages.

Action in trespass for assault and battery. Error to the Circuit Court of DeWitt county; the Hon. SOLON PHILBRICK, Judge, presiding. Heard in this court at the November term, 1905. Reversed and remanded. Opinion filed November 27, 1906.

LEMON & LEMON, INGHAM & INGHAM and EDWARD J. SWEENEY, for plaintiffs in error.

HERRICK & HERRICK, for defendant in error.

MR. JUSTICE BAUME delivered the opinion of the court.

This was a suit in trespass brought by defendant in error against Truman Mason to recover damages for an alleged assault and battery. There was a verdict and judgment in the court below against Mason for $1,200, and plaintiffs in error, as his administrators, prosecute this writ of error to reverse such judgment.

To the plaintiff's declaration in the usual form the defendant pleaded the general issue and a special plea *son assault demesne* to which special plea plaintiff replied *de injuria.*

The evidence on behalf of plaintiff tended to show that upon the occasion of the alleged assault and battery plaintiff was in the store of one George Lighthall, in Wapella, and while there he had some trouble with Lighthall; that defendant, who was also in the store, then struck plaintiff on the head with a cane inflict-

ing the injuries complained of.   Upon the trial counsel for defendant sought to show, as a part of the *res gestae,* all that occurred in the store between the plaintiff and defendant and said Lighthall at the time of the alleged assault and battery, and particularly, that the plaintiff was then making an assault upon Lighthall and that the defendant as a private citizen, interfering to prevent a breach of the peace, separated the plaintiff and Lighthall, whereupon plaintiff made an assault upon the defendant, and that the defendant in repelling such assault struck plaintiff with a cane.

The court refused to permit the defendant to adduce evidence either upon direct or cross-examination, as to what occurred between plaintiff and Lighthall.   In the absence of a plea of *molliter manus imposuit* by defendant, proof of the altercation between plaintiff and Lighthall and that defendant intervened to preserve the peace, was incompetent for the purpose of establishing a substantive ground of defense in bar of the action.   Olsen v. Upsahl, 69 Ill. 273; Fortune v. Jones, 30 Ill App. 116.   Excluding any such evidence, the jury was justified in finding that the defendant assaulted the plaintiff maliciously and without provocation, and awarding punitive damages to plaintiff, and we are of the opinion that the verdict represents in part an award of such damages.   While the evidence was incompetent under the pleadings, for the purpose of establishing a substantive ground of defense, it was competent under the plea of the general issue, as a part of the *res gestae,* to be considered by the jury in mitigation of exemplary damages, and its exclusion was error.   Donnelly v. Harris, 41 Ill. 126; Roth v. Smith, 41 Ill. 314; Farwell v. Warren, 51 Ill. 467.

It is urged on behalf of plaintiffs in error that the court erred in giving, refusing and modifying certain instructions, but an examination of the same discloses

no error in that regard. For the error in excluding competent evidence the judgment is reversed and the cause remanded.

*Reversed and remanded.*