CHICAGO—FIRST DISTRICT—MAY, 1916.      467

Anderson Computing Scale Co. v. Hattenbach, 199 Ill. App. 467.

## Anderson Computing Scale Company, Defendant in Error, v. Dena Hattenbach, Plaintiff in Error.

### Gen. No. 21,152.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JOHN J. SULLI-
VAN, Judge, presiding. Heard in the Branch Appellate Court at the
March term, 1915. Affirmed. Opinion filed May 12, 1916.

### Statement of the Case.

Action by Anderson Computing Scale Company,
plaintiff, against Dena Hattenbach, defendant, for
goods sold and delivered. To reverse a judgment for
plaintiff, defendant prosecutes a writ of error.

The plaintiff, an Indiana corporation, through its
agent in Chicago, sold to the defendant, a resident of
Chicago, a machine for slicing meats. The machine
was delivered to the defendant and ten dollars paid on
account of the purchase price.

The defense interposed was (1) that there was a
breach of warranty, in that the machine would not
properly do the work for which it was intended; and
(2) that the plaintiff was a foreign corporation not
authorized to do business in this State, and could not
therefore maintain this action in the courts of this
State.

The evidence tended to show that the agents of the
plaintiff solicited the order of the defendant; that the
slicing machine was thereafter delivered to the defend-
ant; that the defendant informed the plaintiff that the
machine was not workable; that plaintiff's agents
thereupon called at the defendant's place of business
for the purpose of remedying the defect; that the
machine was not then in the defendant's place of
business, and the defendant would not permit the plain-
tiff's agents to see it; that afterwards the defendant

delivered the machine to an express company with instructions to return it to plaintiff; that the plaintiff would not accept the machine when the same was returned.

It was assumed by the court that there was an implied warranty of the machine and a breach of such warranty.

WILSON & MAY, for plaintiff in error.

BAKER & HOLDER, for defendant in error; W. W. ·HOOVER, of counsel.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

## Abstract of the Decision.

1. SALES, § 388*—*what are remedies of purchaser for breach of warranty.* Where there is a sale and delivery of personal property, with an express or an implied warranty, if the property is found to be defective, the purchaser may keep and use the property and sue for damages on a breach of warranty, or. when sued for the price, he may recoup such damages.

2. SALES, § 389*—*when purchaser may recoup damages for breach of warranty.* Where there is a warranty of goods sold, without fraud, and they have been accepted and there is no stipulation in the contract that they may be returned, the vendee has no right to annul the contract, without the consent of the vendor, for a breach·of warranty, but where sued for the purchase price, may recoup damages sustained by reason of the breach of warranty.

3. SALES, § 404*—*what is measure of damages for breach of warranty.* The measure of damages for breach of warranty is the difference between the value of the article as warranted, and its actual value in its alleged defective condition.

4. SALES, § 389*—*when damages for breach of warranty may not be set off in action for purchase price.* In an action for the purchase price of an article, no damages for breach of warranty can be set off in the absence of evidence of the amount thereof.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

CHICAGO—FIRST DISTRICT—MAY, 1916.     469·

Cochrane et al. v. Chicago Great Western R. Co., 199 Ill. App. 469.

5.  CORPORATIONS, § 710*—*what does not constitute doing business within State by foreign corporation.*  Soliciting of orders in this State by an agent of a foreign corporation is not doing business by such corporation, within the meaning of the statute regulating activities of foreign corporations within the State.