## Bamberger-Stern Company, Appellee, v. A. Anderson, A. Dowdle and H. Wilson, trading as "Anderson," Appellants.

### Gen. No. 22,586.

1. PLEADING, § 38*—*how affidavit of merits construed.* An affidavit of merits must be construed most strongly against the pleader.

2. MUNICIPAL COURT OF CHICAGO, § 13*—*what is effect of abiding by affidavit of merits after it is stricken from files.* Where a defendant abides by his affidavit of merits after an adverse ruling on a motion by plaintiff to strike the affidavit of merits from the files, he must be deemed to have accepted the issue raised.

3. CORPORATIONS, § 705*—*when compliance with statute as to admission of foreign corporations to do business in State is unnecessary.* Compliance with Hurd's Rev. St. 1916, ch. 32, par. 67g (J. & A. ¶ 2531), regulating the admission of foreign corporations to do business within the State, is unnecessary unless the business referred to therein is done in this State.

4. CORPORATIONS, § 769*—*when presumed that contract of foreign unlicensed corporation was made without State.* In the absence of an allegation in an affidavit of merits, in an action by a foreign corporation unlicensed to do business within the State, to recover for goods sold, that the contract was made in the State, it will be presumed that it was legally made outside of the State and one of interstate commerce, to which the right to maintain an action for goods sold is an essential incident.

5. CORPORATIONS, § 736*—*right of foreign unlicensed corporation to maintain actions to collect money on interstate contract.* Hurd's Rev. St. 1916, ch. 32, par. 67g (J. & A. ¶ 2531), regulating the admission of foreign corporations to do business within the State, should not be construed so as to exclude a corporation from the right to maintain an action to collect money due on an interstate transaction.

Appeal from the Municipal Court of Chicago; the Hon. WILLIAM N. GEMMILL, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1916. Affirmed. Opinion filed July 19, 1917.

BAKER & HOLDER, for appellants.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Moses, Rosenthal & Kennedy, for appellee; Julius Moses and Henry Jackson Darby, of counsel.

Mr. Presiding Justice Barnes delivered the opinion of the court.

This appeal is from a judgment for money due for goods and merchandise sold by appellee, a foreign corporation, to appellants, entered in default of an affidavit of merits after appellants had elected to abide by their amended affidavit stricken from the files on appellee's motion.

The basis of the stricken affidavit is that appellee (the plaintiff) could not maintain the suit because at the time of its commencement it was a foreign corporation of the class amenable to the provisions of the act regulating the admission of foreign corporations to do business in this State, and was transacting business in this State without compliance with said act. (Chapter 32, par. 67g, Hurd's Rev. St. 1916, J. & A. ¶ 2531.)

The record discloses that the motion to strike was allowed mainly, if not wholly, on the ground that the affidavit did not allege that the transaction sued on was not one of interstate commerce. In support of this position appellee urges, and we think correctly, that even though a foreign corporation may be doing business in this State without complying with said act, it can maintain a suit based entirely on an interstate commerce transaction, and that, as under a familiar rule of pleading, the affidavit must be construed most strongly against the pleader, it will be presumed that the transaction sued on was one of that character in the absence of an averment in the affidavit to the contrary. From the force of this contention, appellants seek shelter under the liberal form of pleadings employed in the Municipal Court. But as they saw fit not to amend their affidavit after the point was raised,

and elected to abide by the same after an adverse ruling thereon, they must be held to have accepted the legal issue thus raised.

It was held in *Lehigh Portland Cement Co. v. McLean,* 245 Ill. 326, that the act in question by its terms applies only to such foreign corporations ''as are amenable to the provisions of this act,'' and that foreign corporations engaged in interstate commerce are exempt from the penalties prescribed in section 6 thereof. From that decision and the authorities therein discussed, it is apparent that compliance with the act is not necessary unless the business referred to therein is done in this State. In the absence of an allegation in the affidavit to that effect, therefore, the contract will be presumed to have been made legally outside of the State (Beale on Foreign Corporations, sec. 255, p. 382), and therefore one of interstate commerce, to which the right to maintain suit for goods sold thereunder is an essential incident. In *Sioux Remedy Co. v. Cope,* 235 U. S. 197, it was said that ''the right to demand and enforce payment for goods sold in interstate commerce is directly connected with, and essential to, such commerce, and the imposition of unreasonable conditions on such right operates as a burden and restraint upon interstate commerce.'' Section 6 of the Act relating to foreign corporations should be given a construction, if possible, not inconsistent with the commerce clause of the federal constitution. We think, therefore, that though a foreign corporation engages in intrastate business without complying with said act, the act should not be construed so as to exclude it from the right to maintain an action to collect money due on an interstate transaction. Language, seemingly to the contrary and broader than the facts justified, has been employed in previous decisions in this court, and similar language is cited from *J. Walter Thompson Co. v. Whitehed,*

185 Ill. 454. But there the indebtedness sought to be recovered grew out of contracts entered into in the State of Illinois. In none of these cases was the precise point before the court that is raised here. We think the penalties prescribed by the act apply on only such transactions by foreign corporations as constitute doing business in this State without first complying with the conditions prescribed by the act. Holding as we do, therefore, that in the absence of an averment in the affidavit that the business out of which the cause of action arose was done in this State, the transaction must be presumed to be one of interstate commerce upon which an action will lie in this State even though the corporation may be doing a local business in contravention of the statute, we think the motion striking the affidavit from the files was properly allowed and that the judgment should be affirmed.

*Affirmed.*