### Visible Measure Gasoline Dispenser Company of America, Appellant, v. George Suprunowski, Jr., trading as Western Garage, Appellee.

1. FOREIGN CORPORATIONS—*what constitutes doing business in Illinois.* A foreign corporation is not barred from maintaining suit to collect the purchase price of a pump sold to a resident of Illinois on an order solicited by a traveling salesman and shipped to the purchaser from without the State where there is no evidence that it ever transacted any other business within the State.

2. DIRECTING VERDICT AND DEMURRER TO EVIDENCE—*when directing verdict against uncontradicted prima facie case is error.* It is error to direct a verdict for defendant in an action by a foreign corporation on notes given by defendant for the purchase price of a pump, where defendant offered no evidence, although he had specially pleaded breach of warranty and that plaintiff was doing business in the State without authority at the time of the sale of the pump,

and plaintiff made a prima facie case by offering the notes in evidence, the burden of proving the special pleas being on defendant.

Appeal from the City Court of East St. Louis; the Hon. SILAS COOK, Judge, presiding. Heard in this court at the March term, 1922. Reversed and remanded. Opinion filed April 28, 1922.

T. A. O'CONNOR, for appellant.

C. E. POPE, for appellee.

MR. JUSTICE BARRY delivered the opinion of the court.

Appellee purchased from appellant a "Brady System" gasoline pump on which he paid $100 in cash and gave his five promissory notes amounting to $404.50 for the balance of the purchase price and executed a chattel mortgage on the pump to secure the said notes. After the notes were all past due, appellant brought suit to recover thereon.

To the declaration appellee pleaded the general issue, a plea setting up a warranty of the pump and a breach thereof, and a plea to the effect that appellant was a foreign corporation organized under the laws of the State of Kentucky at the time the notes were executed and delivered; that at that time and prior thereto appellant had been transacting and was engaged in doing business in the State of Illinois without having procured a license or certificate of authority to transact business in this State, and that by reason thereof and the statute of this State appellant is not entitled to maintain this suit, etc.

Issues were joined and upon the trial appellant introduced the notes in evidence. The evidence on behalf of appellant disclosed that it is a foreign corporation, its home office being in Louisville, Kentucky, and that appellee's order for the pump was procured by a traveling solicitor and shipped to appellee from Louisville or Kansas City. So far as the evidence shows, appellant never transacted any other business

with any person residing in Illinois. Appellee offered no evidence and there was no proof that would sustain either of his special pleas.

When appellant offered the notes in evidence it established a prima facie case, and in the absence of evidence to support the special pleas was entitled to a verdict. At the close of appellant's evidence the court directed a verdict in favor of appellee. Appellant entered a motion for a new trial and the same was overruled and judgment rendered on the verdict. Appellant perfected an appeal to this court and appellee procured an extension of time to file his brief and argument, but failed to file one.

For such failure to file brief we could very well reverse and remand the case under rule 27 of this court. The action of the court in directing a verdict in favor of appellee was contrary to the law and the evidence. The burden was upon appellee to prove his special pleas. *Edward Lyman Bill, Inc. v. Leech,* 211 Ill. App. 578; *Bamberger-Stern Co. v. Anderson,* 207 Ill. App. 222.

The statute should not be construed so as to exclude a foreign corporation from right to maintain suit to collect money due on an interstate transaction. *Bamberger-Stern Co. v. Anderson,* 207 Ill. App. 222.

Soliciting orders in this State by an agent of a foreign corporation is not doing business by such corporation within the meaning of the statute. *Anderson Computing Scale Co. v. Hattenbach,* 199 Ill. App. 467. Entering into one contract or transacting an isolated business act is not engaging in business in this State. *Plew v. Board,* 274 Ill. 232.

For the error in directing a verdict in favor of appellee the judgment is reversed and the cause remanded.

*Reversed and remanded.*