MATSON and wife, Appellants, vs. DANE COUNTY, Respondent.

*June 9—July 8, 1922.*

*Negligence: Attractive nuisance: Water-hole adjoining highway: Parent and child: Contributory negligence as defense: Counties: Joint claim.*

1. The gist of an action against a municipal corporation for the drowning of children in a deep water-hole situated partly in the highway and partly on the lands occupied by the parents of the children, is negligence, even though the water-hole be an "attractive nuisance;" and contributory negligence on the part of the parents bars recovery. *Monrean v. Eastern Wis. R. & L. Co.* 152 Wis. 618, followed.

2. The action by the parents being a joint one, and founded upon a joint claim filed against the municipality, there is no merit in the claim that the jury should assess separate damages to each parent or that as to the defense of negligence of the parents the jury should find which parent was negligent.

APPEAL from a judgment of the circuit court for Dane county: E. RAY STEVENS, Circuit Judge. *Affirmed.*

Action to recover damages for the loss of two children of the plaintiffs, aged six and seven years respectively, who were drowned June 17, 1919, in a water-hole partly located on their premises as tenants of one Mary Connor and partly within one of defendant's highways, which said water-hole was alleged to be caused by the negligent construction and negligent maintenance of a culvert across said defendant's highway and which water-hole constituted a nuisance. The case was here on demurrer and is reported in 172 Wis. 522, 179 N. W. 774, where the cause of action is fully stated.

The jury found, among other things, (1) that the culvert in question was not constructed according to a plan approved by the chief engineer of the state highway commission for the purpose of constructing a culvert at the place here in question; (2) that in so constructing this culvert those who acted for *Dane County* did not fail to exercise such care as the great mass of mankind of like age, experience, and in-

telligence ordinarily exercise when acting under the same or similar circumstances; (3) that those who acted for *Dane County* in maintaining its highway had actual knowledge of the fact that water flowing through this culvert had washed out the earth and formed this hole within the limits of the public highway in time so that by the exercise of reasonable diligence they ought to have taken steps to remove the danger incident to it before the time that these children were drowned; (4) that the defendant had timely constructive notice of the existence of the water-hole within the limits of the highway; (5) that the hole upon the Connor land had existed for a sufficient length of time to give constructive notice to the defendant of its existence and danger; (6) that the hole in question constituted a dangerous trap or pitfall that was attractive to children and liable to injure them while lawfully upon the Connor farm; (7) that the death of these children was the natural and probable result of such course of conduct on the part of those who acted for *Dane County* or of the existence of such trap or pitfall; (8) that any of those acting for *Dane County* in maintaining its highways, as persons of ordinary intelligence and prudence, ought reasonably to have foreseen that an injury to children of like age, experience, and intelligence lawfully on the Connor farm may probably result from such course of conduct on his part, or from the existence of such trap or pitfall; (9) that the plaintiffs did not have actual knowledge of the existence of the water-hole upon the Connor farm; (10) that the hole upon the lands of the Connor farm without the limits of the public highway had existed for a sufficient length of time before these children were drowned so that by the exercise of reasonable diligence *Mr.* and *Mrs. Matson* had reasonable opportunity to discover this hole and to take steps to protect persons lawfully on the Connor farm from being injured thereby; (11) that on June 17, 1919, the plaintiffs failed to exercise such care as the great mass of mankind of like age, experience, and intelligence

ordinarily exercise when caring for children of the ages of six and seven years under the same or similar circumstances here in question; (12) that the death of these children was the natural and probable result of such course of conduct on the part of the parents; (13) that the parents, acting as persons of ordinary intelligence and prudence, ought reasonably to have foreseen that an injury to children of like age, experience, and intelligence upon the Connor farm may probably result from such course of conduct on their part; (14) that the children were not negligent; and (15) damages in the sum of $908.33.

Upon such verdict the court awarded judgment for defendant, and the plaintiffs appealed.

The cause was submitted for the appellants on the brief of *Wylie & Sutherland* of Madison, and for the respondent on a brief signed by *Theodore Lewis*, district attorney of Dane county, and *Hill & Thomann* and *Bagley, Spohn & Reed*, all of Madison, of counsel.

VINJE, C. J.　A number of interesting questions are argued by counsel on both sides that need not be treated because of the conclusions reached on the facts. Counsel for plaintiffs argue that the findings charging plaintiffs with contributory negligence and constructive notice of the water-hole are not supported by the evidence. As to the latter, a verdict finding that *Mr. Matson* had actual notice of the existence of the water-hole some time before the drowning would find support in the evidence, and the finding of constructive notice has stronger support therein and cannot be set aside.

Had the jury exonerated the plaintiffs from contributory negligence the verdict could not have been disturbed, but they found them negligent. The facts upon which the verdict is based are facts peculiarly within the comprehension of jurors and their judgment upon the matter must prevail unless clearly wrong. The jury had evidence before them

from which they could say that the plaintiffs knew the children had played about the ditch containing the water-hole a few days before; that they did not know whether the ditch was safe; that they had not warned them to keep away from it; that no one looked for the children from 2 o'clock until half-past 4 in the afternoon; that at 5 o'clock the hired man was sent to look for them but he did not find them, and that no further search was made until 7 o'clock, though the parents knew the children were out in the fields somewhere. An inference of negligence drawn by the jury from such conduct cannot be said to be without a reasonable basis for it in the evidence.

Assuming that the jury found the water-hole to constitute an attractive nuisance, still that fact would not bar the defense of contributory negligence or the defense of negligence of the parents, the plaintiffs in this case. Whatever may be the rule of law as to defenses in cases demanding damages for a condition caused by a nuisance, such rule does not change the law of negligence even where a so-called attractive nuisance is involved. The gist of the action is negligence, and the maintenance of the water-hole in question is found to constitute negligence because it is attractive to children. Most nuisances are the result of intentional conduct, and as to damages caused by them it is held in some jurisdictions that contributory negligence is not a defense and in others that it is. We need not decide that question here because this is *per se* a negligence case, and contributory negligence is a defense though the negligence may result in an attractive nuisance. One of the earliest cases of this kind in our country was *Sioux City & P. R. Co. v. Stout,* 17 Wall. (84 U. S.) 657, 21 Lawy. Ed. 745, but it as well as other cases adopting the attractive-nuisance doctrine recognizes the defense of contributory negligence. See extensive note to same in 8 Rose's Notes on U. S. Reports, pp. 168 to 188, and note in 19 L. R. A. N. s. 1100. That in an action by parents for personal in-

juries to their children their own negligence is a defense was decided in *Monrean v. Eastern Wis. R. & L. Co.* 152 Wis. 618, 140 N. W. 309.

The present action is a joint one by the parents. It was so stated in the complaint, and it is founded upon a joint claim filed by them with the county. Under such circumstances there is no merit in the claim that the jury should have assessed separate damages to each or should have found which parent was negligent in the care of the children.

*By the Court.*—Judgment affirmed.

CROWNHART, J., took no part.