Werner C. Vollrath, Appellant, v. Joseph Bordenkecher, Appellee.

Gen. No. 8,588.

October term, 1931.                    Heard in this court at the
                                       Opinion filed February 1,
1932.

HERRICK & HERRICK, for appellant.

LEMON & JORDAN, for appellee.

MR. JUSTICE SHURTLEFF delivered the opinion of the court.

This is a suit to recover on a contract for the sale of a secondhand automobile. Appellant's declaration consists of the common counts and a bill of particulars setting forth that appellant sold and delivered to appellee on May 10, 1930, one Buick 1927 model sedan automobile for $850; $800 was to be paid by appellee's promissory note due in one year, with seven per cent interest, and the automobile of appellee, a 1922 model Buick touring car, taken in at $50; setting forth that appellee refused to give the note or take the automobile, and appellant brought suit for $800 and interest and storage for the 1927 model Buick sedan from June 10, 1930, at $7 a month.

Appellee pleaded:

First. General issue.

Second. Set-off for the value of appellee's automobile, then in appellant's possession.

Third. That appellant warranted the said 1927 model Buick sedan automobile to be sound and in as good condition as a new automobile, and the said car was not sound and in as good condition as a new car, but was unsound and in an old and worn condition and

was of no use to appellee, and appellee charged fraud and deceit in the sale of said car.

Fourth. That appellant, when he sold to appellee the 1927 model Buick sedan automobile for the sum of $800 and the Buick touring car of appellee, represented to appellee that the said 1927 model Buick sedan automobile had been driven a small number of miles, to wit, 15,000 miles, and was in sound condition and in as good condition as a new automobile, but that, on the contrary, the said automobile had been driven a large number of miles, to wit, 46,000 miles, and was not in good condition, and thereby became of no use or value to appellee; and said plea contained charges of fraud and deceit in the sale of said car, to which pleas the appellant filed replications, traversing the pleas.

The cause was tried by jury, the proofs submitted and a verdict rendered in the following form: "We, the jury, find the issues for the plaintiff and assess plaintiff's damages at $1 and defendant's wrecked car and the car purchased from the plaintiff by the defendant."

The appellee moved the court to amend the verdict by striking therefrom the words, "and the defendant's wrecked car and the car purchased from the plaintiff by defendant," and to have the verdict recorded as reading, "We, the jury, find the issues for the plaintiff and assess plaintiff's damages of $1." The court sustained said motion of appellee and ordered the verdict recorded as a verdict reading, "We, the jury, find the issues for the plaintiff and assess plaintiff's damages at $1."

The appellant moved the court for judgment for the appellant for $991.33, and, in the alternative, for a new trial. The court denied both motions and rendered judgment for the plaintiff for the sum of $1 and costs of suit.

Appellant has brought the record to this court by appeal, for review.

Appellee, before the suit was brought, returned the automobile purchased to appellant and claims a rescission of the contract of purchase.

Appellant contends that: "Where there is a warranty of the goods sold and the property has been accepted and there is no stipulation in the contract that it may be returned, the vendee has no right to annul the contract, without the consent of the vendor, for a breach of warranty, but when sued for the purchase price the vendee may recoup damages for breach of warranty," citing *Anderson Computing Scale Co. v. Hattenbach,* 199 Ill. App. 467, 468; and *Tokheim Mfg. Co. v. Stoyles,* 142 Ill. App. 198, 200. Those cases do not apply where fraud and deceit are charged and shown. *Cooper v. Empire Security Co.,* 227 Ill. App. 161. It was charged in the pleas that the machine was a late 1927 model, as good as a new car, and had not been driven over 15,000 miles. Proofs were submitted that the car had been driven 24,000 miles and that appellant had set the mileage in the speedometer back to 15,000 miles, and that the car was otherwise defective and not as warranted, if the jury found that appellant did warrant the car, as claimed by appellee. The proofs as submitted would have supported a verdict for either party and if the jury had found that there was no fraud in the sale of the car or in the contract, there might have been a third form of verdict submitted.

We have examined the instructions given and find the court instructed the jury that if they found the issues for the plaintiff they should assess plaintiff's damages at the sum of $800 with interest, etc., otherwise, they should find the issues for the defendant. The verdict as rendered in no manner responds to the instructions of the court or the issues in the case. This was not a replevin suit and the jury were not called upon to determine the ownership or right to possession of personal property. Neither was the court within its

rights in changing substantially the form of the verdict for the words stricken out do not leave a verdict responding to the issues in the case.

It has been held that where it is apparent the jury must have misunderstood or disregarded the evidence or instructions of the court, and have failed to do substantial justice the court will set aside the verdict and grant a new trial. *Selamakos v. Victory Ice and Ice Cream Co.,* 246 Ill. App. 178, 182.

Accordingly, the verdict and judgment of the circuit court of DeWitt county is reversed and the cause remanded for another trial.

*Reversed and remanded.*