2 Ill. App.3d 203 (1971)
276 N.E.2d 393
JESSE CHASE, Plaintiff-Appellee,
v.
MORGAN CAB COMPANY, Defendant-Appellant.
No. 53520.
Illinois Appellate Court  First District.
November 5, 1971.
George F. Barrett, of Chicago, (Sidney Z. Karasik and Ellis B. Rosenzweig, of counsel,) for appellant.
Seymour Ogden, of Chicago, for appellee.
Reversed and remanded.
Mr. PRESIDING JUSTICE ENGLISH delivered the opinion of the court:
Defendant appeals from a $2500 judgment entered on a verdict for *204 plaintiff as compensation for injuries sustained while attempting to enter defendant's cab.
On November 2, 1960, defendant's driver, James Cheppell, stopped his cab at the corner of 36th Street and Cottage Grove and had a ten-minute discussion with plaintiff, a prior acquaintance. There is conflicting testimony about what followed this conversation.
Plaintiff testified that after he had been leaning through the open window talking to Cheppell, he asked how much it would cost to be driven to 40th and Oakwood. Cheppell is said to have replied, "About 35 cents. Get in." Plaintiff claims he then attempted to open the right front door but was unable to do so. He stepped back about a foot when Cheppell leaned across the front seat and forced the door open. As it was jarred loose, the door flew open and struck plaintiff in the face, breaking his glasses and causing injury to his eye. Cheppell immediately took plaintiff to Michael Reese Hospital.
Defendant testified that he did not offer to drive plaintiff anywhere and did not attempt to open the door for him. Rather, he states that after they had been talking about old times, plaintiff opened the right front door and, as he did so, struck himself in the face with the door.
The case was tried to a jury which, in addition to the forms of general verdict, was asked to respond to the following special interrogatory:
"Do you find from consideration of all the evidence and under the instructions of the court that the plaintiff was guilty of contributory negligence which proximately contributed to cause his alleged injury?"
The jury returned a general verdict of $2500 for plaintiff, but, by its affirmative response to the special interrogatory, also found plaintiff guilty of contributory negligence. Upon the receipt of the inconsistent findings and over persistent objections by counsel for defendant, the judge instructed the jury in the following manner:
"Ladies and gentlemen of the jury, you have brought in an inconsistent verdict.
* * *
Now, if you intend to give the defendant * * * the plaintiff $2,500, then your answer to the interrogatory must be no. If you decide not to give the plaintiff anything, then your answer is yes.
I'm going to ask you to reconsider it. I don't feel that you understood what you were doing.
MR. LINDMARK: Your Honor, objection to the entire procedure.
THE COURT: Very well, your objection is noted, Mr. Lindmark.
FOREMAN: Your Honor, may I say, we had quite a deliberation on this. There was opposing factions 
THE COURT: That's all right.

*205 FOREMAN: This is a matter of degree * * *
THE COURT: Wait just a minute. I'm not telling you to change it, I just want you to understand what you have done.
It's entirely up to you. If you wish to award the plaintiff $2,500, then your answer to the interrogatory must be no. If you wish to award the plaintiff nothing, then your answer is yes.
Now, would you go back and reconsider * * *."
Upon reconsideration, the jury returned the same general verdict, but reversed its earlier response to the special interrogatory and found the plaintiff free from contributory negligence. Judgment was entered on the verdict, and defendant appeals.
Defendant contends that the jury was improperly instructed as to the consequences of inconsistency between general and special verdicts, and that it was entitled to judgment on the jury's first response to the special interrogatory.
Section 65 of the Civil Practice Act provides:
"Unless the nature of the case requires otherwise, the jury shall render a general verdict. The jury may be required by the court, and must be required on request of any party, to find specially upon any material question or questions of fact stated to them in writing. Special interrogatories shall be tendered, objected to, ruled upon and submitted to the jury as in the case of instructions. Submitting or refusing to submit a question of fact to the jury may be reviewed on appeal, as a ruling on a question of law. When the special finding of fact is inconsistent with the general verdict, the former controls the latter and the court may render judgment accordingly." (Emphasis supplied.) Ill. Rev. Stat. 1967, ch. 110, par. 65.
 1 The reason for this declaration as to the primacy of a special over a general verdict was recently stated by the Supreme Court to be that a jury finds it easier to understand a special interrogatory than it does all of the various elements of the case which produce a general verdict, and its answer to an interrogatory will therefore, presumably, be a more accurate reflection of its true finding in the case. Borries v. Z. Frank, Inc., 37 Ill.2d 263.
In Swanson v. Chester Johnson Electric Co., 5 Ill. App.2d 175, 177-178, the trial judge instructed the jury that "The verdict you reach should be compatible with the interrogatories." Finding this direction erroneous, the court said:
"The jury is free in its deliberations subject to the instructions which must correctly state the law. The trial court was in error in seeking to impose a restraint which is unwarranted. The legislature presupposed that a jury in the free exercise of its functions might *206 return interrogatories inconsistent with the general verdict. It provided in that event that the interrogatory controls."
A similar result was reached in Mathes v. Basso, 104 Ill. App.2d 237, where the judge entered the jury room at the request of the jurors who were confused by the special interrogatory and did not understand its bearing on the case. The court told them that their answer to the special interrogatory should be consistent with the verdict. The Appellate Court held this to have constituted reversible error. See, also, Sutton v. Peoples Gas Light and Coke Co., 119 Ill. App.2d 471.
 2 In the instant case, the portion of the transcript quoted above demonstrates that the trial court, in effect, reversed the control feature of a special interrogatory over a general verdict, and in so doing erroneously frustrated the purpose of the statute.
 3 Plaintiff counters, however, with the proposition that the form of the special interrogatory was vague, ambiguous and confusing, and therefore should have been ignored in any event. While the interrogatory did not contain a clause limiting its concern to the time "at and immediately prior to the occurrence," we believe that this did not, under the circumstances, lead to any confusion as to the period contemplated. Nor do we find any merit in plaintiff's argument that the term, "contributory negligence," and the clause, proximately contributed to cause," were productive of confusion in the minds of the jurors. We say this because by separate instructions the jury was properly given the definition of both concepts.
The judgment is reversed and the cause is remanded with directions to enter judgment for defendant.
Reversed and remanded with directions.
DRUCKER and LORENZ, JJ., concur.