RosaLIND O'NEILL, Admrx. of the Estate of William O'Neill, Deceased *et al.,* Plaintiff-Appellant, *v.* JASPER C. MONTALBANO, Defendant-Appellee.

(Nos. 55204, 55301 cons.;

First District—January 26, 1972.

Albert H. Beaver and Gerald Bepko, both of Chicago, for appellants.

Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago, (John L. Kirkland and D. Kendall Griffith, of counsel,) for appellee.

Mr. JUSTICE DIERINGER delivered the opinion of the court:

Plaintiffs appeal from a judgment in favor of the defendant in an action brought under the Wisconsin Wrongful Death Statute. The action was to recover damages occasioned by the alleged negligence of the defendant in the operation of a motor boat. After trial before a jury, a special verdict favoring the defendant was returned upon which the court entered judgment.

The only issue on appeal is whether the trial court erred by submitting a certain instruction which allegedly contained an assumption of fact by the trial court to the jury.

On Sunday, July 11, 1961, William and Rosalind O'Neill and their three sons, Joseph, age 16, John, age 13, and William, age 14, had gone to a summer cottage owned by William Lynch in Lake Delavan, Wisconsin. Approximately one block from the cottage was a channel which ran four blocks in length to the west side of Lake Delavan. The channel tapered to a depth of four and one-half to five feet at a pier near the Lynch cottage and was about thirty to thirty-five feet in width. The water in the channel was not flowing and was muddy and stagnant.

There were a number of small piers at which boats were kept all the way to the mouth of the channel. At the mouth of the channel there was a swimming beach. The channel itself was used primarily for boats going to and coming from the lake.

After eating lunch at the Lynch cottage, William and John O'Neill went down to the channel to fish. They were accompanied by their father so that he could watch them. As they fished, William saw a turtle across the channel. The two boys went across the channel in a small raft and entered the water about ten feet from the opposite shore. At this point the defendant, Jasper C. Montalbano, and his family came down to the channel and entered a motor boat owned by William Lynch. As he manuevered the boat into the channel, defendant Montalbano bumped the gears or throttle and the boat shot across the channel, striking William O'Neill. As a result of injuries incurred in this accident, William O'Neill died the following morning.

The plaintiffs contend that at the trial the submission of a certain instruction to the jury was error. The approved form instruction, Wisconsin Jury Instruction—Civil #1012, is as follows:

"1012 PARENTS' DUTY TO PROTECT MINOR CHILD

Question ―― inquiries as to whether the plaintiffs, ―――― and ―――――, were negligent with respect to protecting their (son) (daughter) from danger.

You are instructed that what you are to consider is their conduct with respect to the performance of their duty to care for their minor child at the time and place in question. It is the duty of parents to exercise ordinary care to protect their children from known or anticipated dangers. You may consider, in this connection, the dangers which are known or should have been known to the parents (by the presence of the defendant's truck within the yard and within the area immediately surrounding the yard of the plaintiffs.)

Parents are not required to do the impossible in keeping their children safe, but they must exercise ordinary care in the performance of their duty to see that their children are given reasonable protection from hazards and dangers. (This obligation imposed upon them as parents is increased where special circumstances exist.)

The duty on the part of the parents is a joint one, and, if either one of them is negligent in this respect, such neglect is not divisible, but is attributable to both.

You may also take into consideration the age of the child and the traits and disposition of children of that age, the knowledge of which is chargeable to the plaintiffs, and any and all other factors in the evidence that have a bearing on the question.

COMMENT

The words in parentheses in the body of the instructions can be changed to accommodate the instructions to the particular facts of the case.

Baumgart v. Spierings, 2 Wis.2d 289, 290, 86 N.W.2d 413, 415 (1957); Reber v. Hanson, 260 Wis. 632, 635, 51 N.W.2d 505, 507 (1952); Matson v. Dane County, 177 Wis. 649, 189 N.W. 154 (1922)."

The words in parentheses in the body of the instruction were substituted with the following: "by their son swimming in an area restricted for boat use."

The plaintiffs contend the insertion of these words was an assumption of fact by the trial court and, as such, constitutes error. This court does not accept plaintiffs' contention. The theory presented by the plaintiffs was not raised at the instruction conference. The only discussion as to this instruction at the conference was as follows:

"MR. MULDOWNEY (Counsel for the plaintiffs): I will object to 11, your Honor.

THE COURT: I will give number 11, conforms to Wisconsin instruction.

MR. MULDOWNEY: Not in a death case.

THE COURT: In a death case, the question is the same under Illinois law too, you say that the next of kin, is that right, Mr. Kirkland?

MR. KIRKLAND (Counsel for the defendant): That is right.

THE COURT: I will give it. Any objections to 12?"

■■ The Illinois Supreme Court has held that for an objection to an instruction to be reviewable, the grounds urged against the particular instruction cannot be raised for the first time on review. (*Saunders v. Schultz* (1960), 20 Ill.2d 301.) The plaintiffs in the instant case did not base an objection at the instruction conference on the grounds now presented and, as such, the alleged error by the trial court is not preserved for review by this court.

■■ Further, the plaintiffs did not comply with Illinois Supreme Court Rule 239(b) which requires particular specificity as to any objection at the instruction conference. The Rule states:

"Counsel may object at the conference on instructions to any instruction prepared at the Court's direction, regardless of who prepared it, and the Court shall rule on these objections as well as objections to other instructions. The grounds of the objections shall be particularly specified."

In light of the Rule, the objection which the plaintiffs did raise at the instruction conference was not so specific as to preserve such objection for review.

For the reasons stated herein, the decision of the Circuit Court is affirmed.

Judgment affirmed.

BURMAN and ADESKO, JJ., concur.