James G. Johnston, Plaintiff-Appellee, *v.* Joseph Basic *et al.*, Defendants-Appellants.

(No. 56832;

First District (4th Division)—October 10, 1973.

*Rehearing denied January 17, 1974.*

454

Kamin, Stanley & Balkin, of Chicago (Frank C. Stanley, of counsel), for appellants.

August F. Santoro, of Frankfort, and Cirricione, Block and Krockey, of Joliet (Michael D. Block, of counsel), for appellee.

Mr. JUSTICE ADESKO delivered the opinion of the court:

This is an appeal by the defendants from a judgment on a verdict finding in favor of the plaintiff in an action for damages resulting from an assault and battery committed by defendants. Defendants raise the following issues:

> (1) Whether the court erred in failing to grant a directed verdict for defendants or whether it further erred in not granting a judgment notwithstanding the verdict in favor of plaintiff;
>
> (2) Whether the court erred in its instructions to the jury; and
>
> (3) Whether the court erred in failing to grant a motion for new trial based on the excessiveness of the damages awarded.

The facts are as follows:

On November 23, 1967, at approximately 9:45 P.M., plaintiff, James G. Johnston, was a passenger in a vehicle driven by a friend, Edward Tracey. At the time Tracey's vehicle was involved in a minor collision with a vehicle driven by defendant Joseph Basic. Defendant Edward A. Sprinkle, along with several other people were passengers in the vehicle driven by defendant Basic. All of the parties involved had been at a hockey game earlier in the evening and the accident occurred just after leaving the game. As a result of the collision, defendant Basic left his car and inspected the damages, exchanging words with the driver of the other vehicle, Tracey, as to whose fault the collision was.

The exact events that followed their exchange were the subject of dispute at trial. Plaintiff testified that he saw defendant Basic attempt to hit Tracey and that Tracey was able to avoid the blows. Plaintiff then got out of the vehicle, walked around the back to the driver's side and told Basic to leave Tracey and himself alone since they weren't "looking for trouble". Plaintiff turned to the left and was struck in the nose by someone other than defendant Basic. Plaintiff stated that he was unsure of the exact events that followed since the blow to his nose left him in a "dazed" condition. He was able to recall being hit around the head and chest some twenty times and from the direction and intensity of the blows he was able to tell that two men were hitting him.

Edward Tracey's testimony generally agreed with that of plaintiff, except he did not see who it was that struck plaintiff, since defendant Basic was between Tracey and plaintiff. He did see plaintiff at the rear of the car between two figures who were throwing punches at him. Tracey testified that defendants left plaintiff in a pool of blood on the street when a woman nearby shouted that she was going to call the police. Defendants left the area in their car and Tracey helped plaintiff into his car and took him to have his injuries treated.

Defendant Basic testified that plaintiff had grabbed or struck at him from the rear and that defendant Sprinkle pulled plaintiff off him. Basic said that plaintiff swung at Sprinkle and then that defendant Sprinkle struck plaintiff. Joseph Basic claimed that he never touched plaintiff. Defendant Sprinkle testified that the blow struck at him by plaintiff merely grazed him and that he then struck plaintiff in the nose. He admitted it was possible that he had struck at plaintiff several other times, but that he could only recall the first blow landing.

At trial, plaintiff introduced evidence of his injuries consisting of his own testimony, the testimony of Edward Tracey as to what he observed as far as cuts and lacerations visible immediately after the beating, and the testimony of a doctor who had examined plaintiff the day after the incident. The doctor described swelling around the eyes and upper lip as well as testimony concerning the exact nature of the injuries to plaintiff's nose. The septum of plaintiff's nose was dislocated to the right and deviated to the left. After some treatment, on plaintiff's last visit to the doctor he complained of difficulty breathing through the left side of his nose. Plaintiff was given a brief examination by the doctor just before trial when the difficulty in breathing was found to still exist. The problem was permanent, in the doctor's opinion, unless corrected by surgery.

The jury found in favor of plaintiff awarding damages of $10,000, from which verdict the defendants appeal to this court.

Defendants' initial contention on appeal is that a directed verdict for defendants should have been granted at the close of plaintiff's case, or that the post-trial motion for judgment notwithstanding the verdict should have been granted. In regard to defendant Joseph Basic, it is argued that there was no evidence of "probative value" to show that Basic ever in fact struck the plaintiff. Further, it is claimed that the evidence introduced at trial overwhelmingly favored defendant Edward Sprinkle.

■■ In Illinois, motions for directed verdict and for judgment notwithstanding the verdict are to be considered in light of the test stated in *Pedrick v. Peoria & Eastern R.R. Co.*, 37 Ill.2d 494, 510, 229 N.E.2d 504:

"* * * [V]erdicts ought to be directed and judgments *n.o.v.* entered only in those cases in which all of the evidence, when viewed in its aspect most favorable to the opponent, so overwhelmingly favors movant that no contrary verdict based on that evidence could ever stand."

After careful examination of all the evidence presented in the instant case we are of the opinion that the trial court was correct in refusing to grant defendants' motions.

■■ Defendants on appeal, have contended that plaintiff was rendered unconscious or at least semi-conscious by the first blow which struck him on the nose. They characterize all the testimony given by him from this point forward as opinion and therefore of no probative value. In doing this, however, defendants have failed to properly apply the *Pedrick* rule which states that all the evidence must be considered in its aspect most favorable to the opponent of the motion. Defendants have instead construed the evidence in a manner which would favor themselves as proponents of the motions. Plaintiff did not state anywhere in the record that he was unconscious, but rather that he was dazed after the first blow struck him. He did testify that from the force and direction of the blows that he knew two men were hitting him. Edward Tracey could not clearly see what took place behind his car, but he did see plaintiff between two men who were striking blows at him. He further testified that defendants fled after an onlooker shouted that she was about to call the police. Considering this evidence in its aspect most favorable to plaintiff, we cannot agree with defendants that the testimony is of no probative value or overwhelmingly favors the defendants. A substantial factual dispute was presented raising a question of credibility of witnesses and it would be erroneous to direct a verdict or grant judgment notwithstanding the verdict in such a case. *Wolfe v. Whipple*, 112 Ill.App.2d 255, 251 N.E.2d 77.

■■ Defendants next contend that the trial court erred in giving certain instructions to the jury. It is well settled that to preserve an objection to an instruction upon review, the grounds for the objection must have been specifically raised in the trial court, so that the trial court could be advised of the specific nature of the objection before ruling. Supreme Court Rule 239(b) (Ill. Rev. Stat. 1969, ch. 110A, par. 239(b)); *Delany v. Badame,* 49 Ill.2d 168, 274 N.E.2d 353; *O'Neil v. Montalbano,* 3 Ill. App.3d 414, 279 N.E.2d 467.

At the instruction conference defendants made a general objection to plaintiff's instruction concerning the mitigation of exemplary or punitive damages to the effect that the instruction did not correctly state the law. On appeal, defendants assert that only words or threats in Illinois serve to mitigate damages in case of a battery, while the instruction allows the jury to consider "acts" as mitigation. While we are of the opinion that the instruction in fact properly stated the law in this instance (*Merrifield v. Davis,* 130 Ill.App. 162), defendants have not preserved the question for review by failing to raise this specific ground for the objection at the instruction conference.

Defendants further contend that plaintiff's instruction No. 3 on the issue of exemplary damages was improper in that no evidence was introduced at trial as to defendants' financial condition to allow the jury to make a proper determination regarding the damages. The only discussion as to this instruction at the conference was as follows:

> "MR. STANLEY [Counsel for the defendants]: Plaintiff's No. 3, there is no evidence to sustain the giving of an exemplary damage instruction in the complaint."

Defendants objected at trial to the giving of any instruction on exemplary damages and yet in the instant appeal they assert as error a totally different ground. A ground urged against a particular instruction may not be raised for the first time on review. (*O'Neil v. Montalbano,* 3 Ill.App.3d 414, 279 N.E.2d 467; *Saunders v. Schultz,* 20 Ill.2d 301, 170 N.E.2d 163.) Defendants also made a general objection to plaintiff's issue instruction but failed to make any objection to the court's issue instruction which was given in lieu of plaintiff's. Defendants concede there are no specific words of objection in the record but urge that the total record indicates that they objected to this instruction and that the trial court, "* * * understood the position of appellants that the Court's Instruction did not permit the issues to be decided by the jury * * *." We find no merit in this contention which would, if accepted, deprive the trial court of knowledge of the specific nature of an objection to the instructions prior to the time it is submitted to the

jury. Defendants did not object to this instruction at the instruction conference and, as such, the alleged error is not preserved for review by this court.

Finally, defendants argue that a new trial should be granted due to the alleged excessive amount of the verdict. Defendants first contend that the evidence regarding plaintiff's conditions is supported only by guess, surmise and conjecture which it is urged is inadequate under the law to support the verdict. The specific points raised however, relate to the credibility of the plaintiff's testimony and that of the doctor. These issues were presented to the jury at trial and were matters to be decided by the jury as the triers of fact. Defendants have failed to demonstrate any reason that this determination should be disturbed on appeal.

■■ The award of $10,000 is characterized by defendants as so excessive as to show that passion and prejudice rather than the facts presented to the jury determined the amount of damages. While plaintiff prayed relief in the sum of $9,045.20, an award in excess of the prayer for relief is proper. (*Lau v. West Towns Bus Co.*, 16 Ill.2d 442, 158 N.E.2d 63.) Defendants therefore can point to no other facts in the record which would indicate that passion and prejudice determined the amount of the jury verdict. Awards for personal injuries are not normally capable of precise mathematical computation (*Barango v. Hedstrom Coal Co.*, 12 Ill.App.2d 18, 138 N.E.2d 829), but the determination is peculiarly one within the province of the jury as trier of fact and therefore will not be disturbed unless it is based on error or motivated by passion and prejudice. (*Swearinger v. Klinger*, 91 Ill.App. 2d 251, 234 N.E.2d 60.) We do not find such in this case and we are of the opinion that the verdict and judgment below are amply supported by the evidence.

For the foregoing reasons, the judgment of the Circuit Court of Cook County is hereby affirmed.

Judgment affirmed.

DIERINGER and JOHNSON, JJ., concur.