JUDY LaPLACA, a Minor, by Frank T. LaPlaca, her Father and Next Friend, Plaintiff-Appellant, *v.* GILBERT AND WOLF, INC., Defendant-Appellee.

First District (1st Division)     No. 62102

Opinion filed March 29, 1976.

260

Joseph F. Phelan and Cullen & Goodman, both of Chicago, for appellant.

Lord, Bissell & Brook, of Chicago (Richard F. Johnson, Hugh C. Griffin, and Richard E. Mueller, of counsel), for appellee.

Mr. JUSTICE O'CONNOR delivered the opinion of the court:

Judy LaPlaca, six and one-half years of age, slipped in the bathtub and fell against the glass shower door in her parents' home on June 27, 1966. The glass shower door broke and injured her. Through her father as next friend, plaintiff brought a strict products liability tort action against Gilbert and Wolf, Inc., the subdivision builder and developer who installed the shower door in the home. The LaPlacas bought the house from the defendant in 1956. The complaint alleged that the shower door furnished by defendant was unreasonably dangerous because of its inadequate construction and design. At trial, the jury returned a verdict in favor of defendant. Plaintiff's contention on appeal is that the trial court erred in instructing the jury on assumption of risk because a child under seven years of age is conclusively presumed, as a matter of law, incapable of assuming the risk of injury.

■■ The record on appeal submitted to the reviewing court does not contain any trial testimony or evidence. Only the pleadings, motions, jury instructions, instruction conference and the trial court's orders comprise the record. The burden is on the party who brings a cause to a reviewing court to present a record for review which fairly and fully presents all

matters necessary and material for a decision of the question raised. (*Norek v. Herold*, 31 Ill. App. 3d 514, 334 N.E.2d 220, 225; *Interstate Printing Co. v. Callahan*, 18 Ill. App. 3d 930, 932-33, 310 N.E.2d 786.) Plaintiff characterizes the propriety of the assumption of risk instruction solely as a question of law. She contends that if the instruction is erroneous as a matter of law, the only proper disposition of the case on appeal is reversal and remandment for a new trial. Thus, in plaintiff's view, the transcript of the trial proceedings is not necessary to decide the issue raised on appeal. We do not agree.

■■ Assuming *arguendo* that it was error to instruct the jury on assumption of risk, it is the duty of the reviewing court to ascertain if the error prejudiced the appellant or unduly affected the outcome in the trial court. (*Wenzell v. MTD Products, Inc.*, 32 Ill. App. 3d 279, 336 N.E.2d 125.) If the judgment is correct upon the facts and is the only one which is proper, given the evidence and law of the case, erroneous instructions will not necessitate reversal. (*Pitrowski v. New York, Chicago & St. Louis R.R. Co.*, 6 Ill. App. 2d 495, 128 N.E.2d 577; *Welch v. Herman*, 337 Ill. App. 322, 86 N.E.2d 284.) The party prosecuting an appeal must furnish a record sufficient to establish reversible error. (*Sandberg v. American Machining Co.*, 31 Ill. App. 3d 449, 334 N.E.2d 246.) As a result of plaintiff's failure to include the complete report of proceedings, we are unable to decide if reversible error was committed.

■■ In the absence of a transcript of the proceedings, it is presumed upon review that the evidence was sufficient to support the trial court's judgment. (*Angel v. Angelos*, 35 Ill. App. 3d 905, 342 N.E.2d 748; *Belcher v. Spillman*, 28 Ill. App. 3d 973, 329 N.E.2d 550.) Any doubt arising from the incompleteness of the record will be resolved against the party prosecuting the appeal (*Solomon v. City of Evanston*, 29 Ill. App. 3d 782, 331 N.E.2d 380.) Therefore we must assume that any error in submitting the instruction to the jury would not have affected the result. See *Silverstein v. Grellner*, 15 Ill. App. 3d 695, 304 N.E.2d 727.

Plaintiff supports her contention that error in the instructions necessitates a reversal and remandment by comparing the case at bar to the facts in *Williams v. Brown Manufacturing Co.*, 45 Ill.2d 418, 261 N.E.2d 305. That case was remanded for a new trial on the basis that the jury was not instructed as to assumption of risk. Plaintiff argues conversely that erroneously submitting the assumption of risk instruction also requires reversal. In *Williams*, the Illinois Supreme Court determined that there was a factual basis for the instruction and thus the instruction was erroneously refused, but remanded the case because the court could not conclude that the evidence so overwhelmingly favored plaintiff that a jury finding for defendant on the issue of assumption of risk could never stand. Since we are unable to review the trial proceedings in the case at bar, we cannot

decide that the instruction, assuming it was erroneously given, was so prejudicial as to require a reversal. *Williams* demonstrates that erroneous instructions do not warrant remandment for a new trial where the judgment would necessaily be the same.

Plaintiff also has the burden of showing that she has not waived any error in instructions. Illinois Supreme Court Rule 239(b) requires that the grounds for objections to the instruction be stated specifically at the instruction conference. (Ill. Rev. Stat. 1975, ch. 110A, par. 239(b); *O'Neill v. Montalbano*, 3 Ill. App. 3d 414, 279 N.E.2d 467.) Although plaintiff objected to the assumption of risk instruction at the instruction conference, no grounds for the objection were stated. Failure to make a specific objection at the instruction conference and then raising the objection for the first time in a post-trial motion or on appeal will not properly preserve the error for review. (*Johnston v. Basic*, 16 Ill. App. 3d 453, 306 N.E.2d 610.) Plaintiff asserts that the trial judge precluded argument on the instruction in question. The discussion at the instruction conference is as follows:

> "The Court: I am going to give [defendant's assumption of risk instruction] 20.
>
> Mr. Phelan: Over my objection.
>
> The Court: You can't—I don't think they are going to take any of this into consideration, take my word for it. They are going to still come into a verdict."

The trial judge was merely stating the reasons he thought plaintiff should not object to the instruction. His remarks did not prevent plaintiff from making a specific objection.

For the reasons stated above, the judgment of the trial court is affirmed.

Judgment affirmed.

GOLDBERG, P. J., and SIMON, J., concur.