VITO SMILGIS, Plaintiff-Appellee, *v.* THE CITY OF CHICAGO, Defendant-Appellant.

First District (2nd Division)    No. 80-1121

Opinion filed June 30, 1981.

Stanley Garber, Corporation Counsel, of Chicago (Robert R. Retke and Mary K. Rochford, Assistant Corporation Counsel, of counsel), for appellant.

Val J. Bylaitis, of Val J. Bylaitis & Assoc., Ltd., of Chicago, for appellee.

Mr. PRESIDING JUSTICE HARTMAN delivered the opinion of the court:

Plaintiff Vito Smilgis brought this action to recover damages against defendants Chicago Transit Authority (hereinafter CTA); its bus driver, Luther McClellan; the city of Chicago (hereinafter defendant); and Delfino Bustos, a Chicago police officer.[1] Plaintiff was injured when struck by an unmarked Chicago police car as he crossed the street after exiting and crossing in front of a CTA bus. A jury returned a verdict in plaintiff's favor and against the city of Chicago for $130,000, and answered in the negative a special interrogatory submitted by defendant relating to plaintiff's freedom from contributory negligence.

On January 25, 1980, the court, on plaintiff's motion for judgment notwithstanding the special interrogatory, entered a judgment in favor of plaintiff pursuant to the general verdict. The court determined that: the special interrogatory was not dispositive of the ultimate issue of the case in that it failed to include the issue of proximate cause; the interrogatory was reconcilable with the general verdict; a reasonable hypothesis con-

---

[1] On plaintiff's motion, the court directed a finding of agency between Bustos and the city of Chicago, and dismissed the complaint against Officer Bustos. The court also directed a verdict in favor of defendants CTA and McClellan upon their motions at the close of all the evidence.

sistent with the general verdict existed and the special interrogatory did not control; and the question of whether plaintiff's negligence proximately caused his injuries must be answered in the negative.

Defendant appeals from the judgment and from the denial of its post-trial motion. It seeks reversal and entry of judgment in its favor, or, in the alternative, reversal and remandment of the cause for a new trial. For the reasons set forth below, we reverse and remand for a new trial.

Only those facts essential to an understanding of the case and disposition of the appeal need be set forth. On March 20, 1973, plaintiff was a passenger on a CTA bus traveling northeasterly on Blue Island Avenue. The accident occurred at the six corner intersection of Blue Island Avenue, 18th Street and Loomis Street. The bus stopped on Blue Island Avenue, just south of 18th Street and just north of Loomis Street, at which time plaintiff alighted and walked northward toward the southside of 18th Street. He saw the bus driver assist an unsteady passenger onto the bus. Thereafter, he began crossing Blue Island Avenue. As he proceeded westerly across Blue Island Avenue, he was struck by an unmarked Chicago police car driven by Officer Bustos. Evidence adduced at trial conflicted as to whether or not: plaintiff crossed with the green light in his favor; he crossed in a designated crosswalk; and he had been walking or running to catch an eastbound 18th Street bus when the accident occurred. The verdicts, judgment and order were thereafter entered as described earlier.

■■ Defendant assigns as error the trial court's entry of judgment upon plaintiff's motion. It first contends that since plaintiff failed to make a specific objection to the special interrogatory at the instruction conference, he was precluded from objecting to it after trial. Although the trial judge read the interrogatory aloud at the conference, no objection, either general or specific, was made thereto, nor was a proper interrogatory submitted in its stead. Further, there was no hint of disagreement on plaintiff's part when the judge took note of plaintiff's failure to object to the interrogatory, thus: "* * * the written interrogatory submitted by the defendant given without objection * * *." The trial court in the case at bar was of the opinion that the party submitting an interrogatory "takes his chances" with its form and substance and his opponent has no duty or obligation to object to any deficiencies it may possess. This view of the law is in error, since special interrogatories must be tendered, objected to, ruled upon and submitted to the jury in the same manner as are jury instructions. (Ill. Rev. Stat. 1979, ch. 110, par. 65.) Further, to preserve an objection to an interrogatory, one must set forth the grounds therefor with specificity at the conference on instructions so that the trial court would be enabled to properly rule upon the objection. *Saldana v. Wirtz Cartage Co.* (1978), 74 Ill. 2d 379, 385 N.E.2d 664; *Vuletich v. Bolgla* (1980), 85 Ill.

App. 3d 810, 817, 407 N.E.2d 566; *LaPlaca v. Gilbert & Wolf, Inc.* (1976), 37 Ill. App. 3d 259, 345 N.E.2d 774; *Dean v. Keith's & Ralph's Tavern, Inc.* (1975), 25 Ill. App. 3d 970, 324 N.E.2d 7; *Havlovic v. Scilingo* (1972), 7 Ill. App. 3d 918, 289 N.E.2d 79.

■■ ■ Although plaintiff's failure to object to the special interrogatory during the instruction conference foreclosed him from objecting to it in his post-trial motion, the trial court was not so precluded if such scrutiny was warranted in the interest of justice. (*Wozniak v. Segal* (1974), 56 Ill. 2d 457, 308 N.E.2d 611; *Struthers v. Jack Baulos, Inc.* (1977), 52 Ill. App. 3d 823, 368 N.E.2d 148.) In the instant case, on plaintiff's post-trial motion, the court found the interrogatory deficient in that it failed to contain an inquiry as to whether plaintiff's negligence proximately caused his injuries. A special finding which does not cover all the issues submitted to the jury and is not thus solely determinative of the case may be construed as reconcilable with the general verdict, and a reasonable hypothesis consistent with the general verdict is deemed to exist. (*Wicks v. Cuneo-Henneberry Co.* (1925), 319 Ill. 344, 150 N.E. 276; *Cohen v. Sager* (1971), 2 Ill. App. 3d 1018, 278 N.E.2d 453; *Debolt v. Wallace* (1965), 56 Ill. App. 2d 380, 206 N.E.2d 469.) The special interrogatory then does not control the general verdict (Ill. Rev. Stat. 1979, ch. 110, par. 65), unless the deficiency was remedied by the inclusion of other jury instructions which, when read together with the interrogatory, fairly state the applicable law and eliminate any confusion which would otherwise occur. (*Bruske v. Arnold* (1969), 44 Ill. 2d 132, 254 N.E.2d 453, *cert. denied* (1970), 398 U.S. 905, 26 L. Ed. 2d 65, 90 S. Ct. 1697; *Vuletich v. Bolgla; Babcock v. Chesapeake & Ohio Ry. Co.* (1979), 83 Ill. App. 3d 919, 404 N.E.2d 265; *Wood v. Mobil Chemical Co.* (1977), 50 Ill. App. 3d 465, 365 N.E.2d 1087; *Havlovic v. Scilingo; Chase v. Morgan Cab Co.* (1971), 2 Ill. App. 3d 203, 276 N.E.2d 393.) In the instant case, the interrogatory was accompanied by a jury instruction which correctly defined "contributory negligence" and referred to proximate causation. "Proximate cause" was also separately and correctly defined. The jury was instructed, then, that plaintiff was required to use ordinary care for his own safety and to be free from contributory negligence, defined as conduct which proximately caused the alleged injuries, thereby importing the concept of proximate cause into the interrogatory's use of the term contributory negligence. Accordingly, the special interrogatory in the present case, which was read together with the jury instructions defining contributory negligence and proximate cause, sufficiently addressed itself to one of the ultimate issues in the case, plaintiff's contributory negligence. The jury's negative response to the question of plaintiff's freedom from contributory negligence should not have been set aside. (*Bruske; Vuletich;*

*Babcock*; *Wood*; *Havlovic*; *Chase*.) The cause must, therefore, be reversed.

We remand for a new trial, however. During the reading of the instructions by the court, on three separate occasions, the jury was apparently distracted by throat clearing, paper shuffling and other noises emanating from counsel for defendant. The court noted that the attention of the jurors was distracted and they were looking at defense counsel rather than concentrating upon the court's instructions, and the court admonished counsel to stop that behavior. Subsequently, after it retired to deliberate, the jury by written note asked the court two questions regarding the interrogatory: (1) "If we find the plaintiff was not completely free of contributory negligence, can we find for plaintiff?"; and (2) "If we find the plaintiff neglient to some degree, can we award him damages?" Out of the jury's presence, the court expressed its concern to counsel that the jury was confused because it was distracted by counsel's conduct. The jury was then brought into the courtroom and orally instructed to reread its written instructions. The questions submitted to the court evince a misunderstanding on the jury's part as to material issues which could underly its response to both the special interrogatory and the general verdict, or either one.

■■ Persistent misconduct of counsel is sufficient cause for reversing a judgment, even where counsel is admonished by the court, unless it appears that the outcome was not affected thereby, for the reason that it is impossible to have a fair trial in a state of disorder, confusion or disturbance unusual in a court of record. (*Eshelman v. Rawalt* (1921), 298 Ill. 192, 199-200, 131 N.E. 675.) When jury instructions are being read by the court, the court must do so clearly and distinctly so that the jury is not misled to the prejudice of a party (*Kinser v. Kruse* (1972), 4 Ill. App. 3d 987, 283 N.E.2d 120, *appeal denied* (1972), 52 Ill. 2d 594). In *Kinser*, because of the trial court's hurried and indistinct reading of the instructions to the jury, and his comments with regard to them, the reviewing court was unable to ascertain whether the jury comprehended the full significance of the instructions, and the cause was reversed and remanded for a new trial. In light of the jury's questions in the instant case and its rendering of contradictory decisions, with the distractions aforesaid as background, we cannot say that the confusion in the courtroom during the reading of the instructions and interrogatory had no adverse effect upon the jury's determination, notwithstanding the fact that the written instructions and interrogatory were taken by the jury into its conference room. Where it is apparent the jury has misunderstood or disregarded the evidence or instructions of the court, the court will, upon a failure to do substantial justice, set aside the verdict and grant a new trial. (*Vollrath v.*

*Bordenkecher* (1932), 265 Ill. App. 484, 488.) The cause should therefore be retried.

For the foregoing reasons, the judgment of the trial court is reversed, and the case is remanded for a new trial.

Reversed and remanded.

DOWNING and PERLIN, JJ., concur.